STATE ex rel. Phyllis RESER, Director, Missouri Division of Family Services, Relator,

v.

Gene R. MARTIN, Judge, Circuit Court, 16th Judicial Circuit, Respondent.

No. 60639.

Supreme Court of Missouri, En Banc.

Dec. 18, 1978.

Rehearing Denied Feb. 13, 1979.

Richard Huber, Columbia, Edwin H. Steinmann, Jr., Div. of Family Services, Jefferson City, for relator.

Angela Bennett, Thomas M. Larson, Robert A. Simons, Kansas City, for respondent.

DONNELLY, Judge.

This is mandamus.

Phyllis J. Reser is the Director of the Missouri Division of Family Services. She seeks, by this writ, to compel respondent, a Circuit Court judge of the Sixteenth Judicial Circuit, to permit her to intervene in a contempt action brought by Carol Tyner against Donald Tyner to enforce court-ordered child support.

Child support payments of $375 per month were ordered when the Tyner marriage was dissolved in 1975. When Donald Tyner failed to make the payments and disappeared, Carol Tyner sought and received approximately $5,700 in AFDC and Medicaid benefits from the Division of Family Services under § 208.040, RSMo 1969. In addition to its other provisions, the statute provides:

"2. The division of family services shall require as additional conditions of eligibility for benefits that each applicant for or recipient of aid:

\* \* \* \* \* \*

"(2) Shall assign to the division of family services in behalf of the state any rights to support from any other person such applicant may have in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and which have accrued at the time such assignment is executed;

\* \* \* \* \* \*

"4. The support rights assigned to the division in behalf of the state shall constitute an obligation owed to the state by the person responsible for providing such support and the obligation shall be collectible under all legal processes. \* \* \*."

§ 208.040.2(2) and .4, RSMo Supp. 1977.

Carol Tyner made an appointment with an employee of the Division for the purpose of assigning her rights to support to the Division under § 208.040.2. In October, 1977, approximately one week prior to the time Carol Tyner was to execute the assignment, child support investigators in the County Prosecuting Attorney's office located Donald Tyner. Carol Tyner then con-

sulted a private attorney, did not execute the assignment, withdrew from the AFDC program, and instituted the contempt action against Donald Tyner.

Relator moved to intervene in the contempt action under Rule 52.12(a) of the Rules of Civil Procedure. Rule 52.12(a) provides for intervention as of right and reads as follows:

"Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Rule 52.12(a) is to be distinguished from Rule 52.12(b) which concerns permissive intervention. Relator claims clause (2) of Rule 52.12(a) is applicable. Relator asserts that the Division was a necessary party to the action in that to the extent the Division provided support, the Division is subrogated to any rights Carol Tyner has to support arrearages from Donald Tyner. Intervention was denied by respondent.

In *State ex rel. University Bank v. Blair*, 365 Mo. 699, 700, 285 S.W.2d 678, 679 (banc 1956), this Court stated the general rule to be "that mandamus will not lie if a specific and adequate remedy by appeal exists."

The determinative question then becomes whether an appeal may be taken from the denial of an application to intervene *of right* under Rule 52.12(a).

In *State ex rel. Duggan v. Kirkwood*, 357 Mo. 325, 337, 208 S.W.2d 257, 261 (banc 1948), this Court, in a situation where an applicant had a legal right to intervene but was denied the right by the trial court, declared that "mandamus is the proper remedy to afford relief to the applicant."

In *City of St. Louis v. Silk*, 239 Mo.App. 757, 763, 199 S.W.2d 23, 27 (1947), the St. Louis Court of Appeals said:

"In intervention there are two classes of cases, (1) those where the intervention is not indispensable to the preservation or enforcement of a right claimed by petitioner; and (2) those where the right to intervene is by the statute made absolute, or where the claim can be established, preserved, or enforced in no other way. In the former, the permission to intervene is purely discretionary, and an order refusing it is not a final judgment reviewable on appeal; while in the latter, an order refusing intervention may be reviewed by appeal."

In *Brotherhood of Railroad Trainmen v. Baltimore & Ohio Railroad Co.*, 331 U.S. 519, 524, 67 S.Ct. 1387, 1390, 91 L.Ed. 1646 (1947), Mr. Justice Murphy dealt with intervention of right under Rule 24(a) of the Federal Rules of Civil Procedure, and said:

"Ordinarily, in the absence of an abuse of discretion, no appeal lies from an order denying leave to intervene where intervention is a permissive matter within the discretion of the court. *United States v. California Canneries*, 279 U.S. 553, 556, [49 S.Ct. 423, 424, 73 L.Ed. 838.] The permissive nature of such intervention necessarily implies that, if intervention is denied, the applicant is not legally bound or prejudiced by any judgment that might be entered in the case. He is at liberty to assert and protect his interests in some more appropriate proceeding. Having no adverse effect upon the applicant, the order denying intervention accordingly falls below the level of appealability. But where a statute or the practical necessities grant the applicant an absolute right to intervene, the order denying intervention becomes appealable. Then it may fairly be said that the applicant is adversely affected by the denial, there being no other way in which he can better assert the particular interest which warrants intervention in this instance. And since he cannot appeal from any subsequent order or judgment in the proceeding unless he does intervene, the order denying intervention has the degree

of definitiveness which supports an appeal therefrom. See *Pipe Line Co. v. United States*, 312 U.S. 502, 508, [61 S.Ct. 666, 668, 85 L.Ed. 975.]"

We are persuaded that there should be a right of appeal from denial of an application to intervene of right. Insofar as *Duggan* conflicts with such holding, it should no longer be followed. There being a right of appeal from denial of the application to intervene of right under Rule 52.12(a) in this case, mandamus will not lie.

The alternative writ issued herein should be quashed, and the peremptory writ denied. It is so ordered.

All concur.