Carrie TAYLOR, Appellant,

v.

GENERAL MOTORS CORPORATION, et al., Respondents.

No. 67622.

Supreme Court of Missouri, En Banc.

Sept. 16, 1986.

---

Toni Griesbach, John J. Frank, St. Louis, for appellant.

Mary V. Schmidtlein, Edward Crites, Peter B. Hoffman, Carlton W. Washington, Judith A. Zakens, James E. Godfrey, St. Louis, for respondents.

DONNELLY, Judge.

In September 1983, Carrie Taylor filed suit in the Circuit Court of the City of St. Louis for the wrongful death of Demetria Howard. Demetria Howard died as a result of a multi-car collision which occurred in the City of St. Louis on October 4, 1980.

Defendants filed motions to dismiss and a separate trial was had on the issues of whether there had been an equitable adoption of Demetria Howard by Carrie Taylor and, if so, whether she is a proper party to bring suit for her wrongful death.

On October 15, 1984, the following was entered of record in the Circuit Court of the City of St. Louis:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter is before the Court after a separate trial on Plaintiff's request for a determination that she is entitled to be declared the equitably adoptive parent of the decedent, Demetria Howard, and that she is further entitled to sue for the wrongful death of Demetria Howard under § 537.080 of the Missouri Wrongful Death Act. On the basis of the evidence adduced, the Court hereby makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. Plaintiff in this case is Carrie Taylor (hereinafter sometimes referred to as "Plaintiff").

2. Plaintiff was not the natural mother of Demetria Howard (hereinafter sometimes referred to as "decedent").

3. Demetria Howard was the natural daughter of Ethel Howard, one of the Defendants in this case.

4. No evidence was introduced to in any way suggest that the parental rights of Ethel Howard were ever terminated by any Court.

5. Ethel Howard was a cousin of Plaintiff.

6. From the time that decedent was approximately three months old, until the time of her death, decedent lived with Plaintiff.

7. During that time, both Plaintiff and decedent enjoyed a close, caring relationship from which they mutually benefited.

8. Decedent always referred to herself as Demetria *Howard* and no effort was ever made to change decedent's last name to Taylor.

9. Plaintiff was the only witness to testify.

10. Plaintiff conceded in her testimony that there was no written contract to adopt decedent.

11. There was no written evidence offered to establish that decedent wanted to be adopted by Plaintiff.

12. There was no written evidence introduced that the natural mother wanted her parental rights terminated.

13. Ethel Howard filed a Crossclaim against the remaining Defendants for damages resulting from the alleged wrongful death of her natural daughter, Demetria Howard.

14. On or about February 28, 1984, this Crossclaim was dismissed by Ethel Howard without prejudice.

15. The only evidence of any contract between Ethel Howard and Plaintiff was Plaintiff's recollection of a conversation between Ethel Howard and Plaintiff twenty years before.

16. Plaintiff testified that ten or eleven years before the death of decedent, she instituted legal adoption proceedings which would have allowed her to formal-

ly adopt Demetria Howard as her daughter.

17. Plaintiff conceded that she could have adopted Demetria Howard but could have obtained an order from the Court allowing Demetria to retain her natural mother's last name.

18. According to Plaintiff's testimony, after the lawyer died, she made no further efforts to adopt the decedent.

19. Plaintiff conceded that she made a conscious choice not to proceed with the adoption of decedent.

20. After the accident of October 4, 1980, and before decedent died, Ethel Howard came from Chicago to the hospital to see decedent.

21. Decedent died on October 27, 1980.

## CONCLUSIONS OF LAW

1. The Court finds that Plaintiff has produced insufficient evidence of an intent on the part of Plaintiff to adopt the decedent during her lifetime.

2. The Court finds that the facts produced by Plaintiff do not warrant either specific performance of a contract to adopt or estoppel to deny the existence of an adoption.

3. The Court finds that under the evidence adduced, justice, equity and good faith do not require a declaration by this Court that Plaintiff is the equitably adoptive parent of decedent.

4. The Court finds that § 537.080, R.S.Mo. 1979 does not specifically provide that an equitably adoptive parent may sue for the wrongful death of its equitably adoptive child.

For the foregoing reasons, it is HEREBY ORDERED that: (1) Judgment be rendered in favor of all Defendants and against Plaintiff on the issue of equitable adoption; and (2) Since Plaintiff is not the proper party to sue for the wrongful death of Demetria Howard, Plaintiff's Petition For Wrongful Death is hereby dismissed, with prejudice, at Plaintiff's costs.

An appeal was taken to the Eastern District of the Court of Appeals where the cause was ordered remanded to the trial court for reconsideration. The cause was transferred here by order of this Court on December 17, 1985, and it is determined here "the same as on original appeal." Mo. Const. art. V, § 10.

In *Liverpool, New York and Philadelphia S.S. Co. v. Commissioners of Emigration*, 113 U.S. 33, 39, 5 S.Ct. 352, 355, 28 L.Ed. 899 (1885), the Court cautioned that a court should "never * * * anticipate a question of constitutional law in advance of the necessity of deciding it * * *."

In our view, the *Liverpool* admonishment, though made in different context, is appropriate here. The question whether the doctrine of equitable adoption should be applied to allow an "adoptive parent" to bring an action for the wrongful death of an "equitably adopted child" is not ripe for determination in the absence of an appropriate and definitive decree of equitable adoption. *Cf. Holt v. Burlington Northern Railroad Company*, 685 S.W.2d 851 (Mo.App.1984).

The judgment is affirmed.

HIGGINS, C.J., and BILLINGS, WELLIVER, ROBERTSON and RENDLEN, JJ., concur.

BLACKMAR, J., dissents in separate opinion filed.

BLACKMAR, Judge, dissenting.

I believe that the trial judge's finding that equitable adoption was not established is contrary to the weight of the evidence and therefore subject to reversal under the rule of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The essential argument for affirmance is that the plaintiff could have, and did not, take legal steps necessary to formal adoption. The doctrine of equitable adoption exists for the protection of people who are legally unsophisticated but nevertheless enter into family arrangements which should be given effect. The plaintiff's uncontradicted evidence shows all of the elements of equitable adoption. I

find no indication that the trial judge rejected any of this evidence.

It is still an open question whether the doctrine of equitable adoption should be applied so as to permit the adopting parent to maintain a suit for wrongful death. *Holt v. Burlington Northern Railroad Company,* 685 S.W.2d 851 (Mo.App.1985) is not fully in point. The equitably-adopted child has no power to do anything to formalize his status. This is not true of the parent, and so there are possible grounds for distinction. I see no need to explore the point further in view of the majority's conclusion.