## ALEXIAN BROTHERS SHERBROOKE VILLAGE, Plaintiff/Respondent,

v.

## ST. LOUIS COUNTY, Missouri, et al., Defendants/Respondents,

and

## Mehlville R–9 School District, Intervenor–Defendant/Appellant.

### No. 65472.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 11, 1994.

Edward W. Corrigan, Clayton, Peter Clark Woods, St. Louis, for appellant.

Thomas J. Campbell, Thomas P. Hohenstein, Clayton, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Mehlville R–9 School District, appeals from an order entered in the Circuit Court of St. Louis County denying appellant's motion to intervene as a party-defendant. We affirm.

Respondent, Alexian Brothers Sherbrooke Village (hereinafter "Alexian Brothers"), was incorporated as a not-for-profit corporation on November 13, 1991.[1] On November 10, 1992, Alexian Brothers filed a petition for tax exemption of real and personal property with the St. Louis County Board of Equalization (hereinafter "Board"). The Board approved and recommended the exemption to the St. Louis County Council (hereinafter "Council"). The Council, however, denied Alexian Brothers' petition on March 18, 1993, finding that Alexian Brothers had made no showing that its facility was being operated for a charitable purpose.[2]

On March 25, 1993, Alexian Brothers filed a two-count petition in the Circuit Court of St. Louis County. Count I sought a declaratory judgment pursuant to RSMo § 527.010 asserting Alexian Brothers' real and personal

---

1. Alexian Brothers operates a 164–bed nursing center on the property.

2. St. Louis County maintains a unique procedure for determining an entity's tax exempt status. Although in most counties the Board of Equalization would decide whether tax exempt status was warranted, in St. Louis County that is not so.

The entity first files a petition requesting tax exempt status with the St. Louis County Board of Equalization. The Board reviews the petition, then makes a recommendation to the St. Louis County Council. The Council ultimately determines whether or not to grant the tax exempt status.

property were exempt from taxation.[3] The suit named as defendants St. Louis County, St. Louis County Council (and its individual members), St. Louis County Board of Equalization (and its individual members), and both the St. Louis County Collector of Revenue and Assessor (collectively hereinafter, "County").

On May 11, 1993, appellant filed a motion to intervene as a party-defendant pursuant to Rule 52.12(a)(1) and RSMo § 527.110. Appellant attempted to intervene, asserting that if Alexian Brothers received the tax exemption, then appellant would loose $55,000 in yearly tax revenues. Both Alexian Brothers and County opposed appellant's motion. On December 31, 1993, the circuit court denied appellant's motion, leading to this appeal.

■ Appellant raises two points on appeal. First, appellant asserts the denial of its motion to intervene is appealable. We agree. In *State ex rel. Reser v. Martin,* 576 S.W.2d 289, 291 (Mo. banc 1978), our Supreme Court noted a right to appeal exists from denial of the application to intervene under Rule 52.12(a). Here, appellant has applied for intervention based on Rule 52.12(a). Therefore, this Court can review the denial of appellant's motion to intervene. Point granted.

■ Second, appellant claims the court erred in denying its motion to intervene. According to appellant, Rule 52.12(a)(1), in conjunction with RSMo § 527.110, provides it with the right to intervene in this matter.

Rule 52.12(a)(1) states:

**Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene.

Appellant then argues RSMo § 527.110, the Declaratory Judgment Act (hereinafter "Act"), provides appellant with the unconditional statutory right to intervene as required by Rule 52.12(a)(1). RSMo § 527.110 provides in pertinent part:

When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings.

This case provides us with a matter of first impression. Although there are several cases in Missouri wherein a third party has attempted to seek review of an assessment, no opinion has addressed such an attempt under Rule 52.12(a)(1) and RSMo § 527.110.

In *State ex rel. Cabool v. Tex. Cty. Bd.,* 850 S.W.2d 102 (Mo. banc 1993), the city of Cabool and the Cabool Schools R–4 appealed the denial of a writ of mandamus seeking to compel the county assessor and the board of equalization not to apportion assessment of ad valorem taxes on certain trucking companies until the owners of the trucks produced sufficient proof that the trucks had acquired tax situs in another state justifying apportionment. The Supreme Court affirmed the denial of the writ and determined that because the apportionment of property taxes was not a simple and definite ministerial act, the city and school district were without standing to challenge the assessment. *Id.* at 105. In coming to such a conclusion, the Court recognized two prior cases, *St. Francois C.S.D.R.–III v. Lalumondier,* 518 S.W.2d 638, 641 (Mo.1975), and *City of Richmond Heights v. Bd. of Equalization,* 586 S.W.2d 338, 341 (Mo. banc 1979), which held that neither a school district nor a city had standing to appeal or seek review of an assessment by a board of equalization. *State ex rel. Cabool,* 850 S.W.2d at 104–105.

Although none of these three cases involved a party's attempt to intervene pursuant to Rule 52.12(a) and RSMo § 527.110, we see no reason to rule differently based on the facts before us. As stated in *State ex rel. Cabool:*

The rationale for these decisions was that the legislature has provided a procedure for reviewing assessments and it made no provision for political subdivisions to chal-

---

3. Count II requested the refund of taxes paid under protest pursuant to RSMo § 139.031 and is not addressed in this appeal.

lenge assessments. "No doubt such was originally omitted on the theory that public officials would adequately protect the interest of the state and its subdivisions." (citations omitted) To permit political subdivisions to intercede would violate the legislative purpose.

*Id.* at 104–05.

Although appellant argues its unconditional right to intervene is provided by RSMo § 527.110, we disagree. The Declaratory Judgment Act does not provide standing to appellant. In *Hardware Center, Inc. v. Parkedge Corp.,* 618 S.W.2d 689, 694 (Mo. App., E.D.1981), this Court, in discussing the Act, stated: "[t]he Act does not enlarge the jurisdiction of the court over subject matter or parties ... It merely opens the doors of the court to certain potential defendants or plaintiffs at a stage prior to that justifying an action for other traditional relief."

Appellant has acknowledged in its brief it could not *initiate* an action based on the Act. Thus, as stated in *Hardware Center, Inc.,* "[t]o allow [appellant] to bring the action it seeks to bring does more than allow [appellant] to come to court earlier than it would otherwise be able. To permit [appellant's] action ..., in effect, permits [appellant] to obtain a definition of a legal relation which otherwise does not exist." *Id.* at 694. We refuse to allow appellant to manipulate this procedural statute to establish the substantive right of standing and provide appellant with an unconditional right to review.

In addition, no policy reasons support appellant's argument. Appellant claims an interest would be affected if Alexian Brothers received the desired tax exemption. However, if every governmental agency which claimed injury due to Alexian Brothers' tax exemption possessed standing, this suit could involve nearly 20 parties. In effect, if this Court allows appellant standing, the already backlogged court system would endure more suits involving massive amounts of parties. Allowing appellant standing would deal a swift, critical blow to judicial economy. Point denied.

Based on the foregoing, we affirm the actions of the circuit court.

REINHARD, P.J., and CRANDALL, J., concur.