**Judy L. VIGIL–KEYES (Vanderwal), Appellant,**

v.

**Albert D. VANDERWAL, Respondent.**

**No. WD 66109.**

Missouri Court of Appeals, Western District.

Oct. 17, 2006.

Nancy A. Garris, Blue Springs, MO, for appellant.

David B. Sexton, Gladstone, MO, for respondent.

Before SMART, P.J., SMITH and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Following entry of a final judgment on a child support modification, Judy Vigil–Keyes (Mother) appeals from an interim order that abated child support payments from Albert Vanderwal (Father). We find no error in the abatement and affirm the circuit court's decision.

### FACTUAL AND PROCEDURAL HISTORY

The parties' marriage was dissolved by judgment entered on December 1, 1992. The judgment ordered Father to pay $650 per month in child support for the parties' children: Melissa, born January 11, 1988; and Aimee, born June 4, 1989.

On April 9, 2003, Father filed a Motion to Modify Child Support seeking to reduce his monthly obligation because he had lost his job. Three months later, Father filed a Family Access Motion requesting compensatory visitation to make up for that which he had recently been denied in violation of the existing visitation order. The motions were consolidated pursuant to Father's request.

On April 7, 2004, the court held a hearing on the Family Access Motion. Father testified that he was entitled to visitation with the children on alternating weekends, holidays, summer, and during winter and spring break. He had not, however, had any visits with the children since June 2003. Father made all visitation requests directly to his teenage daughters, as he had not spoken with Mother in almost four years. Father estimated that he missed thirty to forty visits during the past fourteen months because the children refused his requests. Father also testified that Mother did not notify him when the children were involved in special events.

The trial court took the matter under advisement and ordered the children to participate in counseling with Father to re-establish the parent-child relationship. Following a review hearing, the court made a finding on August 11, 2004, that Mother and the children had failed to comply with the order for counseling. The court also determined that Father had been denied access to the children and, therefore, entered an order retroactively abating Father's child support from July 1, 2003, until further notice.

The abatement order remained in effect until September 19, 2005, when the court entered judgment on the Motion to Modify Child Support based on the parties' stipulation. Father was ordered to pay child support of $454 per month, retroactive to June 1, 2005. Mother now appeals from the interlocutory order [1] that abated Fa-

---

1. Generally, interlocutory orders are not final and, therefore, are not appealable. *See S.A. v. Jodoin,* 861 S.W.2d 810, 813–14 (Mo.App. 1993). However, in this case the circuit court entered a final judgment that terminated the interlocutory order and disposed of all re-

ther's child support payments for the twenty-three month period of July 1, 2003, through May 31, 2005.

## STANDARD OF REVIEW

■ An appellate court will not disturb an order modifying child support obligations unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Haden v. Riou*, 37 S.W.3d 854, 860 (Mo.App.2001). We afford the trial court deference regarding its determination of credibility and view the evidence in a light most favorable to its decision. *Id.*

## ANALYSIS

■ In her sole point on appeal, Mother claims the abatement order violated her due process rights because Father never mentioned or requested an abatement of child support in any of his pleadings. Mother relies on *Albert J. Hoppe, Inc. v. St. Louis Public Service Co.*, 361 Mo. 402, 235 S.W.2d 347 (1950), and *Burton v. Burton*, 874 S.W.2d 461 (Mo.App.1994), to support her argument that past due child support payments are a vested property right, which may not be taken without notice of the intent to take the property in question with a full and fair opportunity to defend against that taking. Because she had no notice that abatement was a potential outcome, Mother argues she was de-

nied the opportunity to fully defend against it.[2]

*Hoppe and Burton* are not applicable here. In *Hoppe*, the trial court exceeded its authority in granting a new trial without notice to the parties. 235 S.W.2d at 351. In Burton, the trial court erred in granting custody to third parties who had not been part of the litigation. 874 S.W.2d at 464. In both cases, the court of appeals found due process violations because the parties did not have a fair hearing and an opportunity to address the merits of the action taken by the trial court.

In the instant matter, the court held an evidentiary hearing and a review hearing on the Family Access Motion. Mother was able to cross-examine Father and put on evidence to rebut his claim that visitation had been denied. The court subsequently entered an interim order of child support abatement that was in effect for twenty-three months while the case remained pending. Mother had plenty of time to challenge the order but did not do so until August 2005, when she filed a motion requesting the court to "delete" the abatement. Upon entering final judgment in September 2005, the court granted Mother partial relief by ordering Father to begin paying child support again, retroactive to July 1, 2005. The record clearly indicates that Mother had a fair hearing and an opportunity to defend against the abatement order.

maining issues. The order is appealable pursuant to Section 512.020(5), RSMO 2000, which provides: "failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case."

**2.** Mother's Point Relied On also asserts that abatement is not part of the relief available for a Family Access Motion under Section

452.400.6, RSMO 2000. Mother failed to develop this assertion in the Argument section of her brief and, therefore, we consider it abandoned. *66 Inc. v. Crestwood Commons Redevelopment Corp.*, 130 S.W.3d 573, 584 (Mo.App.2003). Nonetheless, we note that while abatement is not specifically listed as one of the potential remedies under Section 452.400.6, the statute specifically states the listed remedies are not exclusive.

■ Section 452.340.7, RSMO 2000, expressly allows the abatement of child support, in whole or in part, upon a finding that "a parent has, without good cause, failed to provide visitation" pursuant to the terms of a court order. If the proper finding is made, the court can order an abatement regardless of whether a party has formally requested such relief. *See Walters v. Walters*, 181 S.W.3d 135, 140 (Mo.App.2005).

■ Based on the finding that Father had been "denied frequent, continuing and meaningful access" to his children, the circuit court had authority to abate his child support payments under Section 452.340.7. The proceeding did not violate Mother's due process rights, as she had a reasonable opportunity to defend against the abatement before final judgment was entered. The point on appeal is denied.

The judgment is affirmed.

All Concur.