**Deborah Bilinski ECKHOFF, Respondent,**

v.

**Clinton Gregory ECKHOFF, Claude Cornett and Maudie Cornett, Respondents,**

**Sheila Morris and Marsha Loveland, Appellants.**

**No. WD 67683.**

Missouri Court of Appeals, Western District.

Jan. 2, 2008.

Clinton Eckhoff, Jefferson City, pro se.

Preston L. Cain, Jr., Kansas City, Harry R. Gaw, Jr., Tipton, for Respondents.

William G. Cownie, Lee's Summit, for Appellants.

Before HOWARD, C.J., and BRECKENRIDGE and ELLIS, JJ.[1]

VICTOR C. HOWARD, Chief Judge.

Sheila Morris and Marsha Loveland appeal the trial court's October 16, 2006 judgment and decree of dissolution of marriage dissolving the marriage of Deborah Bilinski and Clinton Eckhoff and awarding certain marital property to third party petitioners, Claude and Maudie Cornett. Ms. Morris and Ms. Loveland are the sisters of Mr. Eckhoff and contend that the trial court erred in (1) denying their motion to intervene in the dissolution action and (2) setting aside the original judgment entered on February 9, 2006. Because point one has no precedential value, the denial of the motion to intervene is affirmed by summary order pursuant to Rule 84.16(b). The parties are furnished with a memorandum setting forth the reasons for the decision. In this opinion, point two, which appeals the judgment, is dismissed for lack of standing.

## Factual and Procedural Background

Ms. Bilinski and Mr. Eckhoff were married on April 6, 2000. On February 17, 2005, Mr. Eckhoff shot and killed Claude and Maudie Cornett's son, Dennis Cornett. Mr. Eckhoff pled guilty to second degree murder and was sentenced to a term of years in the Missouri Department of Corrections. On March 29, 2005, Ms. Bilinski filed her petition for dissolution of marriage requesting the court to dissolve her marriage to Mr. Eckhoff and make a just division of marital property.

On January 18, 2006, the Cornetts were awarded a judgment against Mr. Eckhoff in the amount of $307,333 for the wrongful death of their son.

The dissolution action was heard on January 24, 2006, by the family court commissioner. On February 6, 2006, the family court commissioner entered findings and recommendations dissolving the marriage. The commissioner further awarded the marital residence to Ms. Bilinski for immediate sale, ordered that the first $46,000 of proceeds from the sale be used to retire a debt due to Ms. Morris and Ms. Loveland, Mr. Eckhoff's sisters, and granted them a judgment lien against the property. At this point, Ms. Morris and Ms. Loveland had not filed a motion to intervene in the dissolution case and were not parties in the case. The trial court entered its judgment adopting the commissioner's findings and recommendations on February 9, 2006.

On February 21, the Cornetts filed a motion to intervene, a motion for leave of court to file a third party petition, and a motion to set aside the judgment in the dissolution action. They contended that dissolution judgment was void because Ms. Morris and Ms. Loveland were not parties to the action and the debt allegedly owed by Mr. Eckhoff to his sisters was an attempted fraudulent transfer of assets from Mr. Eckhoff to his sisters to hide assets from them until Mr. Eckhoff is released from prison.

On April 13, 2006, Ms. Morris and Ms. Loveland filed a motion to intervene in the dissolution action pursuant to Rule 52.12(a) and (b) alleging that they had a direct interest in the proceeds from the sale of the marital residence because they had loaned money to Mr. Eckhoff for attorney's fees related to his incarceration. They attached two promissory notes dated

1. Breckenridge, J., was a member of this court at the time the case was argued and submitted. She was subsequently appointed a judge of the Supreme Court of Missouri but has been reassigned to this court as a special judge for the purpose of disposition of this case.

October 28, 2005, and November 8, 2005, from Mr. Eckhoff to Ms. Loveland in the sum of $30,000 and to Ms. Morris in the sum of $43,000.

On May 3, 2006, the family court commissioner entered an order setting aside the February 9, 2006 dissolution judgment. The commissioner also granted the Cornetts' motions to intervene in the dissolution action and to file a third party petition. In their third party petition, the Cornetts asked the trial court to award to them an amount equal to their judgment against Mr. Eckhoff from any property awarded to Mr. Eckhoff in the dissolution.

On May 31, 2006, Ms. Bilinski, Mr. Eckhoff, the Cornetts, and Ms. Morris and Ms. Loveland entered into a stipulation that all pending matters would be retained in the family court and determined by the family court commissioner. Thereafter, on June 9, 2006, the Cornetts filed suggestions in opposition to Ms. Morris and Ms. Loveland's motion to intervene. They argued that when Ms. Morris and Ms. Loveland entered into the May 31, 2006 stipulation, they failed to inform them or the commissioner that they had filed an action against Mr. Eckhoff on the promissory notes in the Circuit Court of Jackson County on May 2, 2006. Ms. Morris and Ms. Loveland replied on June 10, 2006, asserting that they agreed that the commissioner would have jurisdiction to divide the proceeds from the sale of the house but never intended that they would not seek to become judgment creditors as did the Cornetts. Two days later, Ms. Morris and Ms. Loveland withdrew their consent to jurisdiction of the family court in all matters. Subsequently, the family court commissioner denied Ms. Morris and Ms. Loveland's motion to intervene on July 10, 2006.

The case was reset for trial on September 11, 2006. On October 10, 2006, the family court commissioner again entered findings and recommendations dissolving the marriage of Ms. Bilinski and Mr. Eckhoff. The commissioner further awarded the marital residence to Ms. Bilinski for immediate sale, ordered that the first $46,000 of proceeds from the sale be paid to the Cornetts, and granted the Cornetts a judgment lien against the property. The trial court entered its judgment adopting the findings and recommendations of the commissioner on October 16, 2006. This appeal by Ms. Morris and Ms. Loveland followed.

Ms. Morris and Ms. Loveland raise two points on appeal. In their first point, which is addressed separately with a memorandum, they contend that the trial court erred in denying their motion to intervene in the dissolution action as a matter of right pursuant to Rule 52.12(a). In their second point, Ms. Morris and Ms. Loveland assert that the family court commissioner erred in setting aside the February 9, 2006 dissolution judgment because the commissioner did not have authority to take such action.

## Motion to Dismiss Appeal

■ The Cornetts' motion to dismiss Ms. Morris and Ms. Loveland's appeal, which was taken with the case, is addressed first. The Cornetts argue that the appeal should be dismissed because Ms. Morris and Ms. Loveland did not immediately appeal from the order denying their motion to intervene and because they have no standing to appeal in this matter because they were not parties in the circuit court action.

■ The Cornetts are correct that Ms. Morris and Ms. Loveland lack standing to appeal the judgment because their motion to intervene was denied. Where a movant's motion to intervene is denied, the

movant lacks standing to appeal from any subsequent order or judgment in the proceeding. *State ex rel. Reser v. Martin,* 576 S.W.2d 289, 290–91 (Mo. banc 1978); *Coon ex rel. Coon v. Am. Compressed Steel,* 133 S.W.3d 75, 79 (Mo.App. W.D. 2004); *Ring v. Metro. St. Louis Sewer Dist.,* 41 S.W.3d 487, 491 (Mo.App. E.D. 2000). Ms. Morris and Ms. Loveland's second point challenging the trial court's judgment is, therefore, dismissed.

■ Even if a movant lacks standing to object to the judgment on the merits, the movant has standing to appeal the denial of the motion to intervene as a matter of right. *Coon,* 133 S.W.3d at 79; *Ring,* 41 S.W.3d at 491. When a movant claims intervention as a matter of right, the movant asserts that she may be legally bound or prejudiced by any judgment entered in the case. *Coon,* 133 S.W.3d at 79. Because the movant cannot appeal from the judgment unless she is allowed to intervene, "the order denying intervention has the degree of definitiveness which supports an appeal therefrom." *Reser,* 576 S.W.2d at 290–91 (quoting *Bhd. of R.R. Trainmen v. Baltimore & Ohio R.R. Co.,* 331 U.S. 519, 524, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947)). Thus, the denial of a motion to intervene as a matter of right under Rule 52.12(a) is a final and appealable judgment. *Id.* at 291; *Coon,* 133 S.W.3d at 79; *Moxness v. Hart,* 131 S.W.3d 441, 444 (Mo.App. W.D.2004). Ms. Morris and Ms. Loveland, therefore, do have standing to appeal the denial of their motion to intervene.

■ The Cornetts are correct that Ms. Morris and Ms. Loveland did not appeal immediately after the commissioner denied their motion and instead waited until judgment was entered in the case. The order denying the motion to intervene is, however, appealable pursuant to section 512.020(5), RSMo 2000, which provides, in

pertinent part, "a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case." Thus, Ms. Morris and Ms. Loveland's failure to appeal the order denying their motion to intervene before final judgment does not prohibit them from appealing the denial of their motion to intervene after final judgment in this case. *See Vigil–Keyes v. Vanderwal,* 203 S.W.3d 749, 750 n. 1 (Mo.App. W.D.2006) (where interlocutory order abating parent's child support obligation for a period of months was appealable under section 512.020(5) after final judgment entered in child support modification case).

The appeal of the judgment is dismissed for lack of standing.

BRECKENRIDGE, Special J. and ELLIS, J., concur.