

# In the
# Missouri Court of Appeals
# Western District

MODERN MOTORS, L.L.C.,

          **Respondent,**

v.

CATHY GERBER,

          **Appellant.**

WD79608

OPINION FILED:

DECEMBER 20, 2016

**Appeal from the Circuit Court of Cass County, Missouri
The Honorable R. Michael Wagner, Judge**

**Before Division II: Lisa White Hardwick, Presiding Judge, Karen King Mitchell, Judge,**

**Anthony Rex Gabbert, Judge**

Cathy Gerber (Mrs. Gerber) appeals the circuit court's "Judgment" denying her Motion

and Application for Leave to Intervene. She asserts two points on appeal, the first contending

that the court abused its discretion in denying her motion to intervene as a matter of right

pursuant to Rule 52.12(a), and the second contending that the court abused its discretion in

denying her motion to intervene by permissive intervention pursuant to Rule 52.12(b). We

dismiss this appeal for lack of jurisdiction.

In 2001, Mrs. Gerber's husband, Terry Gerber (defendant Gerber), purchased an

unassembled ¾ scale aircraft in kit form. In 2002 defendant Gerber enlisted defendant Gessley

to borrow $98,966.78 so that defendant Gerber could finish the aircraft. Gessley executed a

Promissory note and Security Agreement with First Pryority Bank of Pryor Oklahoma borrowing that sum. The Security Agreement listed the aircraft as collateral for the promissory note and Gessley registered the aircraft, by bill of sale, in his name with the Federal Aviation Administration.

Due to defendant Gerber's previous financial transactions, the Internal Revenue Service (IRS) determined that defendant Gerber was liable for prior years' taxes, interest, and penalties. The IRS determined that the aircraft was owned by defendant Gerber and initiated seizure proceedings to secure the aircraft for public sale and apply appropriate proceeds to defendant Gerber's liabilities.

On September 23, 2009, the IRS seized the aircraft and on January 12, 2010, the IRS sold the aircraft to Modern Motors, L.L.C. at public auction. On or about February 4, 2010, Modern Motors purchased the promissory note and security agreement, by assignment, from First Pryority Bank of Pryor, Oklahoma for the then remaining debt of $65,636.56. On or about December 4, 2013, Modern Motors filed a petition against defendants Gerber and Gessley for recovery on the promissory note.

In their Amended Answer and Counter-Petition, defendants Gerber and Gessley asserted their rights to redemption under Oklahoma law, the applicable law named on the promissory note. The issue of right to redemption was referred to a Special Master who determined that the defendants no longer had an interest in the aircraft after the January 12, 2010 IRS sale.

On November 12, 2015, the court scheduled Modern Motors' claim for recovery on the promissory note for trial on March 18, 2016. On January 22, 2016, Mrs. Gerber filed a Motion for Leave to Intervene both as a matter of right and for permissive intervention pursuant to Rule 52.12 claiming a marital interest in the aircraft. On February 16, 2016, the circuit court denied

2

her motion. On March 11, 2016, the trial date of March 18, 2016 was rescheduled due to a court conflict with another trial. On March 31, 2016, Mrs. Gerber moved the court to certify its order denying her motion for leave to intervene as final and appealable pursuant to Rule 74.01. On April 8, 2016, the circuit court entered a "Judgment" which stated: "Pursuant to Mo.S.Ct. Rule 74.01 (a), the court hereby enters judgment against proposed intervenor Cathy Gerber based on the Court's February 16, 2016 Order denying her application for leave to intervene. Such motion, filed January 22, 2016, is overruled." Modern Motors' claim is still pending in the circuit court. Mrs. Gerber appeals.

As a preliminary matter, Modern Motors contests this court's jurisdiction to hear Mrs. Gerber's appeal citing *State ex rel. Koster v. ConocoPhillips Company*, 493 S.W.3d 397 (Mo. banc 2016), and arguing that the circuit court's order denying intervention is an interlocutory order from which an appeal cannot be had.[1]

In *State ex rel. Koster v. ConocoPhillips Company*, the Board of Directors of the Missouri Petroleum Storage Tank Insurance Fund brought suit against ConocoPhillips Company and Phillips 66 Company to recover certain costs previously reimbursed by the Board from the Fund. *Id.* at 398. Prior to a final judgment being entered in that case, Cory Wagoner (a participant in and potential claimant against the Fund) moved to intervene as a matter of right under Rule 52.12(a). *Id.* at 398-399. The trial court entered an interlocutory order overruling Wagoner's motion. *Id.* at 399. After the trial court entered final judgment, Wagoner appealed. *Id.* Phillips and the Board argued that Wagoner's appeal should be dismissed, in part because

---

[1]We note that *State ex rel. Koster v. ConocoPhillips Company* was decided after the circuit court entered its ruling on Mrs. Gerber's motion to intervene.

Wagoner should have appealed the interlocutory order overruling his motion to intervene rather than the final judgment. *Id.* Our Supreme Court disagreed and stated:

> 'The right to appeal is purely statutory ... [and] where a statute does not give a right to appeal, no right exists.' *Farinella v. Croft*, 922 S.W.2d 755, 756 (Mo. banc 1996). Wagoner had no right to take an immediate appeal from the interlocutory order overruling his motion to intervene as a matter of right. There is no special statute granting a right to immediate appeal where a motion to intervene as a matter of right is overruled in an interlocutory order, and the general statute dealing with civil appeals grants no such right.

*Id.* Our Supreme Court explained that Section 512.020, RSMo 2000, the statute discussing appeal rights, does not provide for an immediate appeal from an order overruling a motion to intervene as a matter of right. *Id.* The Court expressly overruled cases suggesting that a proposed intervenor has a right to immediate appeal from an interlocutory order denying intervention.[2] *Id.* at 400 n4.

Mrs. Gerber asserts that this court has jurisdiction to hear her appeal because "[t]he trial court's Judgment is not an interlocutory judgment, but a final Judgment on which appellant files her appeal." She argues that the trial court disposed of a "distinct judicial unit" when it ruled on her motion to intervene because her motion was a "differing, separate, distinct transaction or occurrence from any issues presented by either plaintiff's petition or defendant's answer and counter-claims."

---

[2]These include *Eckhoff v. Eckhoff*, 242 S.W.3d 466, 469 (Mo.App.2008) (concluding that the denial of a motion to intervene under Rule 52.12(a) is appealable immediately, but holding that the failure to appeal 'the order denying their motion to intervene before final judgment does not prohibit them from appealing the denial of their motion to intervene after final judgment in this case.'); *Coon ex rel. Coon v. American Compressed Steel*, 133 S.W.3d 75, 79 (Mo.App.2004) ('The denial of a motion to intervene under Rule 52.12(a) is a final judgment from which there is a right of [immediate] appeal') (internal quotations omitted); *Alsbach v. Bader*, 616 S.W.2d 147, 149 n. 1 (Mo.App.1981) (citing *State ex rel. Reser v. Martin*, 576 S.W.2d 289 (Mo. banc 1978) for the proposition that an 'order denying intervention is [immediately] appealable if intervention is a matter of right'). *ConocoPhillips*, 493 S.W.3d at 400 n.4.

While instructive, we do not find *ConocoPhillips* to be controlling in that *ConocoPhillips* strictly dealt with an interlocutory order denying a motion to intervene that was not appealed until after final judgment. *ConocoPhillips* does not discuss Rule 74.01(b) interlocutory judgments that may be certified for appeal when the court disposes of one but fewer than all claims. Nevertheless, we still have no jurisdiction to entertain this appeal. Here, Mrs. Gerber filed a motion to intervene. The court denied that motion by docket entry on February 16, 2016. On that same date, Mrs. Gerber moved the court to certify its order denying her motion to intervene as final and appealable pursuant to Rule 74.01. The court did not respond. On March 31, 2016, Mrs. Gerber requested an "Entry of Judgment" based on the court's order denying her application for leave to intervene. The court then entered a "Judgment" pursuant to "Rule 74.01(a)" "against proposed intervenor Cathy Gerber based on the Court's February 16, 2016 Order denying her application for leave to intervene." Mrs. Gerber argues that this judgment is appealable pursuant to Rule 74.01(b). We disagree.

Rule 74.01(b) states:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Here, the circuit court's judgment did not dispose of all claims in the case and the court did not certify the judgment for early appeal pursuant to Rule 74.01(b); the court made no mention of Rule 74.01(b) in the judgment and the judgment is devoid of the requisite "no just reason for delay" determination. Rule 74.01(b) is clear that, without this determination, the court's decision, however designated, is subject to revision at any time before all claims are adjudicated. Consequently, the circuit court's judgment is not final and appealable.[3]

We dismiss this appeal for lack of jurisdiction.

Anthony Rex Gabbert, Judge

All concur.

---

[3]We need not decide, and take no position, on the appealability of the court's judgment had it conformed to Rule 74.01(b).