

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| **BMO HARRIS BANK,** | ) | |
| | ) | |
| **Respondent,** | ) | **WD78539** |
| | ) | |
| v. | ) | **OPINION FILED: June 7, 2016** |
| | ) | |
| **HAWES TRUST INVESTMENTS, LLC,** | ) | |
| | ) | |
| | ) | |
| **Appellant.** | ) | |

**Appeal from the Circuit Court of Clay County, Missouri**
The Honorable Larry D. Harman, Judge

Before Division One: Lisa White Hardwick, Presiding Judge, Cynthia L. Martin, Judge
and Gary D. Witt, Judge

Hawes Trust Investments, LLC ("Hawes Trust") appeals the trial court's judgment

denying its motion to intervene in proceedings registering and seeking to execute on a

foreign judgment entered in Kansas in favor of BMO Harris Bank, N.A. ("Bank") against

William Dunn, III ("Dunn") and Edwin H. Hawes, III ("Hawes").

Finding no error, we affirm.

**Factual and Procedural Summary**

Bank secured a joint and several judgment for breach of a promissory note against Dunn and Hawes[1] in the amount of $350,000 plus interest and attorney's fees on August 1, 2012, in the District Court of Johnson County, Kansas, in Case No. 10CV03801 ("Kansas Judgment"). On December 13, 2012, Bank registered the Kansas Judgment in Clay County, Missouri, pursuant to Rule 74.14 ("Registered Judgment").[2]

The Kansas Judgment found that Dunn and Hawes signed a promissory note in favor of the Bank[3] on September 6, 2007, in the principal sum of $355,000 ("Individual Note") [L.F. 9; ¶ 7]; that the original of the Individual Note had been lost [L.F. 9; ¶ 7]; that the Individual Note was renewed on January 26, 2008, when Dunn and Hawes signed a new promissory note in the principal sum of $355,000 [L.F. 10-11; ¶ 11]; that the Individual Note was again renewed on July 26, 2008, when Dunn and Hawes signed a new promissory note in the principal sum of $355,000 [L.F. 11; ¶ 12]; that the Individual Note was again renewed on January 26, 2009, when Dunn and Hawes signed a new promissory note in the principal sum of $355,000 [L.F. 11-12; ¶ 13]; that the Individual Note was again renewed on April 25, 2009, when Dunn and Hawes signed a new promissory note in the principal sum of $355,000 [L.F. 12; ¶ 14]; that the Individual Note was again renewed on July 25, 2009, when Dunn and Hawes signed a new promissory note in the principal sum of $355,000 [L.F. 12; ¶ 15]; that the Individual Note was again renewed on October 25, 2009, when Dunn and Hawes signed a new promissory note in

---

[1]The Kansas Judgment periodically refers to Hawes by the name "Trey" and not "Edwin." There is no dispute that Edwin Hawes, III is also known as Trey Hawes. [L.F. 222]

[2]All references to Rules are to *Missouri Supreme Court Rules* Volume I--State 2015.

[3]Bank was formerly known as M & I Marshall & Ilsley Bank.

the principal sum of $350,000 [L.F. 13; ¶ 16]; and that the original of each of the renewal promissory notes were in the Bank's files. [L.F. 4-7 ¶¶ 11, 12, 13, 15, 16]

The Kansas Judgment found that Bank established each element of a claim for breach of the Individual Note as last renewed on October 25, 2009. [L.F. 25] The Kansas Judgment found that Dunn and Hawes "failed to prove any factual basis for their affirmative defenses of failure to state a claim, real party in interest, accord and satisfaction and assignment and purchase," all of which were "based on [Dunn's and Hawes'] contention that the [Individual Note as renewed] [was] sold or assigned by [Bank]." [L.F. 25] The Kansas Judgment found that the Individual Note as renewed was not an accommodation note and that Dunn and Hawes were not accommodation parties. [L.F. 26] The Kansas Judgment rejected Dunn's and Hawes's counterclaim for declaratory relief and unjust enrichment which rested "on a presumption that the [Individual Note as renewed] was sold by [Bank]." [L.F. 27] The Kansas Judgment also rejected counterclaims for fraud, breach of contract, invasion of privacy, and defamation. [L.F. 28-34]

The Kansas Judgment found that Bank was entitled to enforce the Individual Note as renewed pursuant to K.S.A. 84-3-301, 84-3-308, and 84-3-309 because, summarized, Bank was the holder of the instruments, Dunn and Hawes admitted signing all of the instruments, and the lost Individual Note was not lost as a result of a transfer or sale. [L.F. 34-37] The Kansas Judgment found that Bank had sold several loans and mortgages to OKL 18, LLC, a Missouri Limited Liability company ("OKL") in March 2009 and that the loan sale agreement and related documents make no mention of the

3

Individual Note. [L.F. 21] The Kansas Judgment expressly found that Bank "did not sell, assign, or transfer the Individual Note to OKL or to any other entity or person." [L.F. 21] However, the Kansas Judgment found that one of the mortgages sold by Bank to OKL had originally collateralized the Individual Note and that Bank had represented to OKL that "no debts secured by [said mortgage] had been reduced, released or otherwise severed from the lien that was transferred to OKL." [L.F. 23] Because pursuant to K.S.A. 58-2323, the assignment of a mortgage carries with it the debt secured thereby, the Kansas Judgment found that the mortgage assigned to OKL that had served as collateral for the Individual Note carried with it the debt represented by the last renewal of the Individual Note. [L.F. 37] However, because the last renewal of the Individual Note was a negotiable instrument subject to article 3 of the Uniform Commercial Code ("UCC"), the Kansas Judgment held that Bank was nonetheless entitled to enforce the last renewal of the Individual Note because Bank was the holder of the instrument pursuant to K.S.A. 84-3-301.

The Kansas Judgment was affirmed on appeal in an unpublished opinion issued on June 21, 2013. *BMO Harris Bank, N.A. v. Dunn*, *et. al.*, 302 P.3d 1098 (Kan. App. 2013). In its unpublished opinion, the Kansas Court of Appeals noted that Hawes and Dunn signed the April 2009 and October 2009 renewals of the Individual Note aware of the sale of loan documents and mortgages to OKL, and after having been told by Bank that Bank had exercised its right to release the collateral for the Individual Note. *Id*. at

4

*4. The Court noted that in December 2009, Hawes and his family members[4] ("EH Hawes Revocable Trust") purchased from OKL the loans and mortgages that had been sold to it by Bank, including the mortgage that served as collateral for the Individual Note, and that, as a result, "Hawes believed that he was the owner of the Individual Note." *Id.*

The Kansas Court of Appeals expressly held that: "Bank was entitled to enforce the Individual Note under K.S.A. 84-3-301, regardless of whether it had a beneficial interest in the underlying debt;" that "Hawes' and Dunn's argument that Bank lacked a beneficial interest in the underlying debt is simply not a defense as contemplated in K.S.A. 84-3-308(b) and K.S.A. 84-3-305;" and that "K.S.A. 58-2323 [does not] provide[] a defense to the enforcement of the Individual Note" because K.S.A. 58-2323 "does nothing to contradict the plain language of K.S.A. 84-3-301, which provides that the holder of an instrument is entitled to enforce the instrument even if it is 'not the owner of the instrument or is in wrongful possession of the instrument.'" *Id.* at 9 (quoting K.S.A 84-3-301). In short, though the mortgage that secured the Individual Note was transferred to a third party, "it is clear that Bank never transferred and never intended to transfer the Individual Note and its right to enforce the debt under the Individual Note when it assigned [said mortgage] to OKL []." *Id.* In so holding, the Kansas Court of Appeals expressly noted that Hawes and Dunn did not contest "the district court's explicit finding that Bank's suit was on the Individual Note as last renewed in October 2009, the

---

[4]The Kansas Judgment had found that notes and mortgages sold by Bank to OKL were later assigned to EH Hawes Revocable Trust.

original of which Bank did produce at trial," rendering lost instrument provisions set forth in K.S.A. 2012 Supp. 84-3-309 "inapplicable." *Id*.

On December 13, 2012, Bank registered the Kansas Judgment in Clay County, Missouri. Bank thereafter commenced efforts to collect the Registered Judgment from Dunn and Hawes.

On February 10, 2014, EH Hawes Revocable Trust assigned the notes and mortgages it acquired from OKL to Hawes Trust. Hawes Trust is a limited liability company whose only members are Dunn and Hawes. On February 12, 2014, Hawes Trust, through its counsel Kessinger Law Firm, P.C. ("Kessinger"), corresponded with Bank claiming that Hawes Trust now owned the Individual Note and renewals that were the subject of the Kansas Judgment, and demanding that Bank "immediately cease all collection efforts in attempting to collect" the Kansas Judgment. [L.F. 222] The letter also demanded that Bank turn over its files "created in attempting to collect the debt," as those files belong to the owner of the debt. [L.F. 222] In a follow up e-mail dated December 1, 2014, Kessinger also demanded that Bank turn over to Hawes Trust all sums collected to that point on the Kansas Judgment. [L.F. 223]

On December 1, 2014, Bank filed garnishments in an effort to collect the Kansas Judgment, which issued on December 11, 2014. One garnishment was directed to Kessinger as garnishee and sought to attach "[t]rust [a]ccount funds or funds due" Hawes. [L.F. 98] A second garnishment was directed to Kessinger as garnishee and sought to attach "[t]rust [a]ccount funds or funds due" Dunn. [L.F. 103] A third garnishment was directed to Campione Interior Solutions, LLC and sought to attach "any and all wages or

6

other funds due" Hawes. [L.F. 106] All three garnishments reflected a thirty day return date.

On January 16, 2015, Kessinger filed its answers to interrogatories to garnishee, denying it had in its possession or control property belonging to Hawes or Dunn and denying it owed money to Hawes or Dunn. [L.F. 109, 111]

On January 26, 2015, Campione Interior Solutions, LLC filed its answers to interrogatories to garnishee, denying that it had in its possession or otherwise owed wages or funds to Hawes.

Bank filed no exceptions to the answers to garnishee interrogatories filed by Kessinger and Campione Interior Solutions, LLC.

On March 9, 2015, Hawes Trust filed a motion to intervene in the Registered Judgment action. The motion sought to quash the aforesaid garnishments and sought orders directing Bank to turn over the Individual Note and all renewals to Hawes Trust, as well as all amounts collected from Dunn and Hawes. Hawes Trust took the position in its motion that it "is the lawful owner of the Note and the debt secured by the Note," and "alone is entitled to enforcement of the Note and [Kansas Judgment] such that this Court should quash Bank's garnishment attempts and should direct Bank to turn the Note over to the rightful owner and holder of the Note." [L.F. 115] In its suggestions in support of the motion, Hawes Trust recounted the history of the several commercial loan transactions that had given rise to execution of the Individual Note and its renewals; Bank's sale of various loans and mortgages to OKL; OKL's assignment of some of those same loans and mortgages to EH Hawes Revocable Trust, who later assigned same to

7

Hawes Trust; and the Kansas Judgment's determination that pursuant to K.S.A. 58-2323, Bank's sale to OKL of the mortgage which secured the Individual Note carried with it that debt. Hawes Trust argued that these facts required the trial court to permit Hawes Trust to intervene as a matter of right in the Registered Judgment action pursuant to Rule 52.12(a). [L.F. 234]

On March 24, 2015, the trial court entered an order by docket sheet entry denying Hawes Trust's motion to intervene. [L.F. 228] Hawes Trust filed a notice of appeal on April 15, 2015. Because the trial court's order was not designated as a judgment, the parties were directed to address why the appeal should not be dismissed. The trial court later entered a written judgment dated September 22, 2015, denying Hawes Trust's motion to intervene ("Judgment") and noted the Judgment was entered to make the March 24, 2015 docket entry a final judgment. [Supp. L.F. 177] As a result, this court allowed the previously filed appeal to proceed.[5]

## Standard of Review

The Judgment denied Hawes Trust's motion to intervene as a matter of right. "An order denying a motion to intervene as a matter of right is appealable." *D.S.K. ex rel. J.J.K. v. D.L.T.*, 428 S.W.3d 655, 657 n.5 (Mo. App. W.D. 2013) (citing *Allred v.*

---

[5]This court directed Hawes Trust to file a supplemental legal file containing the Judgment. Hawes Trust did not do so. Instead, Hawes Trust included the Judgment in its appendix. Although Rule 84.04(h) requires the judgment appealed from to be included in the appellant's appendix, Missouri Court of Appeals Western District Special Rule XXXVIII provides that nothing is to be included in the appendix unless "properly filed and made a part of the record on appeal in accordance with Supreme Court Rule . . . 81." We are to disregard contents of a party's appendix that have not been made a part of the record, as required. "The mere inclusion of documents in an appendix to a brief does not make them part of the record on appeal." *In re Adoption of C.M.B.R.*, 332 S.W.3d 793, 823 (Mo. banc 2011) (quotation omitted). Bank included the Judgment in the supplemental record on appeal it filed pursuant to Rule 81.12(f), permitting our consideration of the Judgment. But for the Bank's generous expansion of the record on appeal to include the Judgment, we would dismiss Hawes Trust's appeal outright for failing to include the Judgment in the record on appeal as required by Rule and as previously ordered by this court.

8

*Carnahan*, 372 S.W.3d 477, 482 (Mo. App. W.D. 2012) (itself citing *State ex rel. Reser v. Martin*, 576 S.W.2d 289, 290-91 (Mo. banc 1978)). The Judgment also denied Hawes Trust the right to permissively intervene. There is no right to appeal the denial of a motion to permissively intervene. *State ex rel. Reser*, 576 S.W.2d at 290 (citing *City of St. Louis v. Silk*, 199 S.W.2d 23, 27 (Mo. App. St. L. Dist. 1947) (holding that because a motion to permissively intervene is subject to trial court discretion, an order refusing permissive intervention "is not a final judgment reviewable on appeal")).[6] The Judgment's discussion of permissive intervention is thus irrelevant to this appeal and will not be addressed.

We will affirm the denial of a motion to intervene as a matter of right unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *D.L.T.*, 428 S.W.3d at 657 (*citing In re Liquidation of Prof'l Med. Ins. Co.*, 92 S.W.3d 775, 778 (Mo. banc 2003)). "Motions to intervene as a matter of right . . . are typically decided based upon the motion, pleadings, counsel's arguments, and suggestions in support or opposition to the motion." *D.L.T.*, 428 S.W.3d at 657 (citing *Allred*, 372 S.W.3d at 483). "The circuit court usually does not hear any evidence or make any declarations of law." *D.L.T.*, 428 S.W.3d at 657 (citing *Allred*, 372 S.W.3d at 483). "Instead, the decision to grant or deny the motion 'is one

---

[6]Because an applicant who seeks to permissively intervene "is not legally bound or prejudiced by any judgment that might be entered in the case, . . . [h]e is at liberty to assert and protect his interests in some more appropriate proceeding[,] . . .[and] the order denying intervention accordingly falls below the level of appealability." *State ex rel. Reser*, 576 S.W.2d at 290 (quoting *Brotherhood of Railroad Trainmen v. Baltimore & Ohio Railroad Co.*, 331 U.S. 519, 524 (1947)).

9

involving application of the law.'"  *D.L.T.*, 428 S.W.3d at 657 (quoting *Allred*, 372 S.W.3d at 483).

## Analysis

Hawes Trust asserts two points on appeal.  In its first point, Hawes Trust alleges that the trial court erred in denying its motion to intervene because it gave undue weight to the Kansas Court of Appeals' opinion because ownership of the Individual Note was not resolved by the Kansas Judgment.  Hawes Trust also argues that the trial court erred because Bank is precluded from contesting the Kansas Judgment's finding that the debt reflected by the Individual Note traveled with the Bank's sale of the mortgage securing the Individual Note to OKL, which rights Hawes Trust now owns by assignment.  In its second point, Hawes Trust alleges that the trial court erred in denying its motion to intervene because contrary to the trial court's finding, Hawes Trust's motion identified statutes and Supreme Court rules which grant it the right to intervene; its motion was procedurally complete; and Bank refuses to protect Hawes Trust's interests.

We address Hawes Trust's points on appeal collectively, as the success of both depends on whether Hawes Trust's contention that it owns the Individual Note as renewed permits intervention as a matter of right in Bank's Registered Judgment action. As we explain, both points on appeal are denied.  Hawes Trust's motion to intervene reflects a fundamental misunderstanding of the absolute right of the holder of a negotiable instrument to enforce payment of a promissory note even if a third party claims a beneficial interest in the note.  Because Hawes Trust's beneficial interest, if any, in the Individual Note as renewed is contested and remains to be determined, and because

10

that interest (if it exists) can be enforced in an action by Hawes Trust against Bank to recover any amounts Bank collected on the Individual Note as renewed, Hawes Trust has no right to intervene as a matter of right in the Registered Judgment action.[7]

Rule 52.12(a) addresses intervention as a matter of right, and provides:

(a) **Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Hawes Trust claims it is entitled to intervene as a matter of right pursuant to both Rule 52.12(a)(1) and Rule 52.12(a)(2).

*Rule 52.12(a)(1)*

Hawes Trust argues that section 525.090 and section 525.270 confer on it an unconditional right to intervene in the Registered Judgment action. We disagree.

Section 525.090 applies to garnishment proceedings and provides:

Any person claiming property, money, effects or credits attached in the hands of a garnishee, may interplead in the cause, as provided by law in attachment cases; but no judgment shall be rendered against the garnishee in whose hands the same may be, until the interplead shall be determined.

"The caselaw . . . treats 'interplead in the cause,' as used in section 525.090, as identical in meaning to 'intervene.'" *Moxiness v. Hart*, 131 S.W.3d 441, 444 n.3 (Mo. App. W.D.

---

[7]During oral argument, counsel for Hawes Trust agreed that contested and undetermined issues about its ownership of the Individual Note as renewed, and contested and undetermined issues about its right, if any, to insist that Bank deliver to it any amounts collected on the Individual Note as renewed or on the Kansas Judgment, render it ineligible to intervene as a matter of right in the Registered Judgment action. Counsel then argued that permissive intervention should have been authorized, though permissive intervention is not addressed in Hawes Trust's points on appeal, and though there is no right to appeal the denial of a motion to permissively intervene.

2004) (citing *Brown v. Maguire's Real Estate Agency*, 121 S.W.2d 754, 757 (Mo. 1938); *Martin v. Signal Dodge, Inc.*, 444 S.W.2d 29, 31 (Mo. App. St. L. Dist. 1969); *Harrison v. Harrison*, 339 S.W.2d 509, 517 (Mo. App. St. L. Dist. 1960)). Though section 525.090 does confer a right to intervene, the circumstances essential to creating that right are not present in this case.

The three garnishments issued by Bank sought to attach trust funds, or other funds, including wages, that belong to Dunn or Hawes. Hawes Trust does not claim to own or to have a security interest in trust funds, or other funds, including wages, in the hands of the identified garnishees that belong to Dunn and Hawes. *Cf. Moxness v. Hart*, 131 S.W.3d 441, 445 (Mo. App. W.D. 2004) (holding that person claiming to be joint owner of a garnished bank account can intervene as a matter of right pursuant to section 525.090 because he claimed "that he owns 'property, money, effects, or credits attached in the hands of a garnishee . . .'"). Bank's rights as the holder of the Individual Note as renewed were determined by the Kansas Judgment. "The issues of the suit in which [a] judgment was obtained are not subject to being retried in a garnishment proceeding in aid of execution of that judgment." *Thompson v. B & G Wrecking & Supply Co.*, 346 S.W.2d 65, 68 (Mo. 1961). "Garnishment has nothing to do with the merits of the main suit." *Id.* (internal quotation omitted). Hawes Trust cannot use the Registered Judgment proceeding to dispute Bank's right to collect the Kansas Judgment from Dunn and Hawes.

At best, Hawes Trust claims that because it owns the Individual Note, any money Bank collects from the garnishees will ultimately have to be paid by the Bank to Hawes Trust. This is not a direct claim of ownership to property attached in the hands of the

12

garnishees. Rather, it is an indirect attempt to assert a claim against Bank based on the relative rights of Bank as the determined holder of the Individual Note as renewed and Hawes Trust as the alleged owner of the Individual Note as renewed. Yet, Hawes Trust's rights in the Individual Note as renewed were not determined by the Kansas Judgment, and remain undetermined by any other court.[8] Hawes Trust's rights, if any, to recover from Bank any amounts Bank collects on the Kansas Judgment cannot be presumed, are not at issue in the garnishment proceedings, and do not support intervention as a matter of right pursuant to section 525.090.

Section 525.270 also does not afford Hawes Trust an unconditional right to intervene. That section provides:

> 1.    If the garnishee disclose in his answer, and declare his belief, that the debt owing by him to the defendant, or the supposed property of the defendant in his hands, has been sold or assigned to a third person, and the plaintiff contests or disputes the existence, force or validity of such sale or assignment, the court shall make an order upon the supposed vendee or assignee, to appear at a designated time and sustain his claim to the property or debt.

This statute does not even address intervention. Rather, it imposes an obligation on a trial court to order a third party to appear to address its interest in garnished property *if* a

---

[8]Though the Kansas Judgment held that the debt represented by the Individual Note as renewed followed the mortgage that secured the Individual Note, the Kansas Judgment did *not* declare OKL, or any assignee of OKL, the "owner" of the Individual Note as renewed, and instead found that Bank never sold, transferred or assigned the Individual Note as renewed. The rights, if any, OKL would have had to recover from Bank any amounts Bank collected from Dunn and Hawes toward payment of the Individual Note as renewed have not been determined. Certainly, the subsequent assignments, first by OKL to EH Hawes Revocable Trust, and then by EH Hawes Revocable Trust to Hawes Trust, only serve to complicate the determination of the rights, if any, an assignee has to recover from Bank any amounts Bank collects from Dunn and Hawes toward payment of the Individual Note as renewed, particularly when the assignment to Hawes Trust occurred after the debt owed on the Individual Note was reduced to a judgment by the Kansas Judgment. Hawes Trust's motion to intervene assumes legal rights that simply have not been determined, and which cannot be presumed.

garnishee advises that a debt the garnishee owes a debtor has been sold or assigned to a third party, ***and if*** the plaintiff/garnishor disputes the sale or assignment.

Neither precondition to the trial court's obligation to order a third party to appear occurred in this case. Kessinger and Campione Interior Solutions, LLC both denied owing any debt to Dunn or Hawes or possessing any property belonging to Dunn or Hawes. As such, neither garnishee declared a belief that a debt it owed to Dunn or Hawes, or property it possessed belonging to either, had been sold or assigned to a third person.[9] Bank thus had no reason to challenge an interrogatory answer claiming an assignment of the right to receive a debt owed by either garnishee to a third party.

Even more fundamentally, both section 525.090 and section 525.270 envision intervention in a *pending* garnishment proceeding. By the time Hawes Trust's motion to intervene was filed, the three garnishments issued by Bank on December 11, 2014, were no longer pending. Garnishment is "an incidental remedy by which a judgment creditor may collect [upon an existing judgment] by reaching the judgment debtor's property in the hands of a third party." *State ex rel Koster v. Cain*, 383 S.W.3d 105, 112 (Mo. App. W.D. 2012) (internal quotation omitted). Interrogatories are served on a garnishee simultaneously with the summons and writ of garnishment. Rule 90.07(a)(3). The

---

[9]Kessinger (who notably represents Hawes Trust) did respond to interrogatory 5 in both of its garnishments, which asked whether a third party other than the debtor claimed an interest in the debtor's property identified in answers to interrogatories 1, 2, and 4 by stating:

> Yes: The debt being enforced by this Plaintiff is the property of Hawes Trust Investments, LLC, by order of the Johnson County, Kansas Court and by contractual assignment. The owner opposes this garnishment.

This answer did not trigger application of section 525.270. First, the answer was nonresponsive to interrogatory 5, as Kessinger did not identify any property belonging to Hawes or Dunn in its answers to interrogatories 1, 2, and 4. Second, the answer reports that a third party claims an interest in the debt *being enforced by Bank*, not a claim to property held by Kessinger and belonging to Dunn or Hawes.

14

garnishee must timely file and serve verified answers to the interrogatories. Rule 90.07(b). If the garnishor takes issue with any of the interrogatory answers, it must file timely exceptions asserting any objections to the answers. Rule 90.07(c). However, if the garnishor does not file exceptions to the interrogatory answers, the garnishment proceeding is concluded. To the extent Hawes Trust's motion to intervene relied on sections 525.090 and 525.270--statutes addressing garnishment proceedings--the motion was moot, as it was filed on March 9, 2015, more than a month after both garnishees filed interrogatory answers denying possession of property or debt owing to Dunn or Hawes, and well after the time by which Bank would have been required to file exceptions to the interrogatory answers.[10]

Hawes Trust has not sustained its burden to establish that a statute of this state confers upon it an unconditional right permitting it to intervene in the Registered Judgment action pursuant to Rule 52.12(a)(1).

*Rule 52.12(a)(2)*

To intervene as a matter of right pursuant to Rule 52.12(a)(2), Hawes Trust must establish: (1) an interest relating to the property or transaction that is the subject of the action; (2) that disposition of the action may impair or impede its ability to protect that interest; and (3) that the existing parties are not adequately representing his interest. *Allred*, 372 S.W.3d at 484. Hawes Trust has not sustained its burden to establish these

---

[10]In its Reply Brief, Hawes Trust claims its motion to intervene applied to a garnishment filed on March 9, 2015, the same day the motion to intervene was filed. That garnishment, served on Campione Interior Solutions, LLC, was apparently successful in attaching wages payable to Dunn. However, the motion to intervene by its plain terms referenced only the three garnishments issued in December 2014. [L.F. 121, ¶¶ 43, 44] Even if we read the motion to intervene liberally to cover garnishments other than those therein referenced, for the reasons herein explained, intervention as a matter of right would not be appropriate.

requirements. "A motion to intervene may be denied if any one of the requirements is not met." *Maries County Bank v. Hoertel*, 941 S.W.2d 806, 808 (Mo. App. S.D. 1997).

### (i) An interest relating to the property or transaction that is the subject of the action

"An interest, for purposes of intervention as of right, 'means a concern, more than mere curiosity, or academic or sentimental desire.'" *Allred*, 372 S.W.3d at 484 (quoting *In re Liquidation of Prof'l Med. Ins. Co.,* 92 S.W.3d at 778). "'An interest necessary for intervention as a matter of right does not include a mere, consequential, remote or conjectural possibility of being affected as a result of the action, but must be a direct claim upon the subject matter such that the intervenor will either gain or lose by direct operation of judgment.'" *Allred*, 372 S.W.3d at 484 (quoting *State ex rel. Nixon v. Am. Tobacco Co. Inc.,* 34 S.W.3d 122, 128 (Mo. banc 2000)). "'To intervene in an action as a matter of right, [the intervenor's] interest in the action must be a direct and immediate claim to, and have its origin in, the demand made or the proceeds sought or prayed by one of the parties to the original action.'" *Allred*, 372 S.W.3d at 484 (quoting *In re Clarkson Kehrs Mill Transp. Dev. Dist.,* 308 S.W.3d 748, 753 (Mo. App. E.D. 2010)). "A 'consequential, remote[,] or conjectural possibility of being affected as a result of the action' is not sufficient to support intervention as a matter of right." *D.S.K.*, 428 S.W.3d at 658 (quoting *In re Clarkson Kehrs Mill Transp. Dev. Dist.,* 308 S.W.3d at 753).

Hawes Trust's motion to intervene sought to quash Bank's garnishments and for an order requiring Bank to deliver the Individual Note and its renewals as well as proceeds collected from Dunn and Hawes. If Hawes Trust's motion is read broadly as an attempt

16

to intervene in the Registered Judgment action, Hawes Trust does not have a "direct claim upon the subject matter" of the action. The subject matter of the Registered Judgment action is the Kansas Judgment. Hawes Trust does not have a direct claim to or right in the Kansas Judgment. Rather, Hawes Trust claims that it owns the Individual Note as renewed. Though Bank's right to enforce the Individual Note as renewed was at issue in the lawsuit that yielded the Kansas Judgment, once the Kansas Judgment was entered, Bank's right to enforce the Individual Note as renewed was determined. Bank was thereafter free to enforce the Kansas Judgment by registering same in Clay County, Missouri, pursuant to Rule 74.14. "[W]e give full faith and credit to the judgments of sister states unless it can be shown that there was (1) lack of jurisdiction over the subject matter, (2) failure to give due notice, or (3) fraud in the concoction of the judgment." *W.B.M. v. G.G.M.*, 579 S.W.2d 659, 661 (Mo. App. E.D. 1979). Hawes Trust does not claim rights which implicate any of these recognized bases for challenging registration of the Kansas Judgment as a foreign judgment. Instead, Hawes Trust wants to intervene in the Registered Judgment action because it challenges whether Bank had the right to enforce the Individual Note as renewed. "[G]iving full faith and credit to a foreign judgment precludes any inquiry into the merits of the underlying cause of action, and, also, precludes any questioning of the logic or consistency of the decision or the validity of the legal principles upon which the judgment is based." *Matter of Estate of Fields*, 588 S.W.2d 50, 52 (Mo. App. E.D. 1979). "[T]he underlying validity of [Bank's] claim" was established by the Kansas Judgment and "is not even for consideration in the Missouri court" in a proceeding under Rule 74.14. *Bittner v. Butts*, 514 S.W.2d 556, 559

17

(Mo. 1974). Hawes Trust does not claim an interest in the property that is the subject of the Registered Judgment action--the Kansas Judgment--permitting intervention as a matter of right.[11] Rather, Hawes Trust impermissibly seeks to collaterally attack the underlying validity of the Kansas Judgment, something it is not permitted to do as an intervenor in the Registered Judgment action or otherwise.

Our conclusion is not altered even if we narrowly read Hawes Trust's motion to intervene as an attempt only to intervene in Bank's garnishments. The subject matter of the garnishments was collection of the Registered Judgment from specific property. The specific property sought to be attached by the garnishments was money (trust funds, other funds, or wages) in the hands of the identified garnishees and owing to either Dunn or Hawes. As we have already explained, no property was attached by the garnishments, and Hawes Trust's motion to intervene was moot, as it was filed after the garnishments were procedurally complete and no longer pending. Moreover, though Hawes Trust claims it has a right to recover from Bank any amounts Bank collects from Dunn and Hawes based on its as yet undetermined interest in the Individual Note as renewed, this interest is consequential, remote, and conjectural and is not a direct claim to the specific property Bank sought to garnish.

---

[11]In the Kansas lawsuit that yielded the Kansas Judgment, the "property" that was the subject of that action would have been the Individual Note as renewed. However, Hawes Trust had no claimed interest in the Individual Note as renewed at the time of the Kansas lawsuit. Hawes Trust's rights, if any, in the Individual Note as renewed were created on February 10, 2014, when Hawes Trust took assignment from EH Hawes Revocable Trust of rights, if any, that trust possessed in certain mortgages and loan documents earlier sold by Bank to OKL. The assignment to Hawes Trust occurred *after* the Kansas Judgment was entered on August 1, 2012; *after* the Kansas Judgment was affirmed by the Kansas Court of Appeals on June 21, 2013; and *after* the Kansas Judgment was registered as a foreign judgment in Clay County, Missouri, on December 13, 2012. We express no opinion as to whether Hawes Trust could acquire rights in the Individual Note as renewed, or against Bank with respect to recovery of amounts collected by Bank, via an assignment received *after* the right to payment of the Individual Note as renewed was reduced to a judgment by the Kansas Judgment. *See* note 8, *supra*.

18

Hawes Trust has not sustained its burden to establish an interest relating to the property or transaction that is the subject of the Registered Judgment action generally or Bank's garnishments specifically.

***(ii) That disposition of the action may impair or impede its ability to protect that interest***

Hawes Trust also failed to sustain its burden to prove that "disposition" of the Registered Judgment action may impair or impede its ability to protect its claimed right to enforce the Individual Note as renewed. The Kansas Judgment found that Bank "is entitled to enforce the Individual Note and renewals because it is the holder of those instruments," [L.F. 37] and that pursuant to K.S.A. 84-3-301, Bank "would be entitled to enforce the Individual Note and renewals even if it was not the owner of the instrument or if it was in wrongful possession of the instrument." [L.F. 37] At the same time, the Kansas Judgment recognized that K.S.A. 58-2323 "provides . . . that the assignment of any mortgage carries with it the debt thereby secured," and that "Section 58-2323 applies to the [October 2009] renewal note, sued upon [by Bank], such that the assignment [by Bank] to OKL carried with it [the] debt on the [October 2009] renewal note." [L.F. 37] Despite the effect of K.S.A. 58-2323, the Kansas Judgment nonetheless found that the Individual Note as renewed remained a negotiable instrument "subject to Article 3 of the Kansas Uniform Commercial Code," which:

> may be enforced by: A, the holder of the instrument; B, a non-holder in possession of the instrument who has the rights of a holder; or C, a person not in possession of the instrument who is entitled to enforce the instrument pursuant to K.S.A. 84-3-309, or 84-3-418(b). Further, a person is entitled to enforce the instrument even if the person is not the owner of the instrument or is in wrongful possession of the instrument. Holder means a

19

person who is in possession of . . . an instrument . . . issued or endorsed to the person or the person's order or to bearer or in blank. [A] person who is a holder remains a holder although that person has made an assignment or a beneficial interest therein. Consequently, the payee in possession of a note is the holder and may bring suit on the note even though the payee had already assigned the note as the holder of an instrument whether or not he is the owner may . . . enforce payment in his own name.

[L.F. 213-214] (quoting *In re Martinez*, 455 B.R. 755, 763 (Bankr. D. Kan. 2011) (internal citations and quotations omitted)).

Though the Kansas Judgment recognized tension between rights that may be asserted to collect a debt by operation of K.S.A. 58-2323 and a holder's right to enforce payment of a promissory note even if the holder is not the owner of the note, the Kansas Judgment did "not determine[] OKL's rights, or the [Hawes Trust's] rights pursuant to K.S.A. 58-2323." [L.F. 214]. It was unnecessary for the Kansas district court to do so, as Bank's enforcement of the Individual Note as renewed did not depend on a determination of OKL's (or its assignee's) rights pursuant to K.S.A. 58-2323, and as Bank's enforcement of the Individual Note as renewed could not impair OKL's (or its assignee's) rights, if any, in the Individual Note as renewed pursuant to K.S.A. 58-2323.

No distinction is drawn by the [Uniform Commercial] Code in terms of whether the "holder" is the holder for his or her own use and benefit or whether the holder holds as a fiduciary for another. Thus, the fact that a holder is not the owner who is entitled to keep the proceeds for his or her own personal use does not affect the holder's right as holder to sue on the instrument. A holder may sue in his or her own name alone although holding the paper as a fiduciary for another, and there is no obligation to join such other party as a co-plaintiff. This is true even though the holder does not have any express authorization from the beneficial owner of the paper to bring suit.

20

*In re Martinez*, 455 B.R. at 763 (quoting 1 Anderson U.C.C. Section 1-201:259 (3d ed. 2010)). Thus, though the Kansas Judgment conclusively determined that Bank has the rights of a holder to enforce the Individual Note as renewed, OKL's (or its assignee's) status as the beneficial owner of the Individual Note as renewed was not determined because that subject was immaterial to Bank's right to enforce the Individual Note as renewed. *Id*.

In short, Hawes Trust's rights in the Individual Note as renewed remain to be determined, and are immaterial to, and independent of, Bank's right to enforce the Kansas Judgment (now the Registered Judgment). The Kansas Judgment did not determine OKL's (or its assignee's) right to separately seek to enforce payment of the Individual Note as renewed from Dunn and Hawes[12] or to recover from Bank any amounts it collects from Dunn and Hawes. As such, Bank's collection of the Registered Judgment will not impair those undetermined rights.

In fact, Hawes Trust has already filed a separate lawsuit to determine its rights. Hawes Trust filed a petition against Bank in Jackson County, Missouri, styled *Hawes Trust Investment LLC v. BMO Harris Bank, et. al*., 1516-CV14377, seeking to determine Hawes Trust's rights in the Individual Note as renewed and seeking to recover proceeds Bank has collected from Dunn and Hawes. Bank's enforcement of the Registered Judgment from Dunn and Hawes will not impair or impede Hawes Trust's ability to establish whether it is the beneficial owner of the Individual Note as renewed, and

---

[12]As noted, Hawes Trust, the claimed assignee of rights, if any, once held by OKL in the debt represented by the Individual Note as renewed, is an LLC whose only members are Dunn and Hawes, the obligors on the Individual Note as renewed. Not surprisingly, Hawes Trust has not made demand for payment of the Individual Note as renewed from its members.

21

whether it is entitled to recover from Bank amounts collected on the Individual Note as renewed.

*(iii) That the existing parties are not adequately representing his interest*

Finally, Hawes Trust cannot demonstrate that the existing parties to the Registered Judgment action are not adequately representing its interest. Even if we assume that Hawes Trust's desire to challenge Bank's right to enforce the Individual Note as renewed is a permissible interest to assert as a basis for intervention (which it is not), Hawes Trust's members, Dunn and Hawes, asserted identical challenges in the Kansas lawsuit and are reasserting the same challenges in the Registered Judgment action.[13]

Hawes Trust has not sustained its burden to establish a right to intervene as a matter of right in the Registered Judgment action pursuant to Rule 52.12(a) (2).

## Conclusion

The trial court's Judgment denying the motion to intervene as a matter of right is affirmed.

_____
Cynthia L. Martin, Judge

All concur.

---

[13]We are not suggesting that Dunn and Hawes can permissibly challenge the Bank's right to enforce the Individual Note as renewed in the Registered Judgment action.

22