

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| RICHARD A. AGUILAR, | ) | |
| | ) | **WD82266 & WD82288** |
| Respondent, | ) | |
| v. | ) | **OPINION FILED:** |
| | ) | |
| GEICO CASUALTY CO., | ) | **September 3, 2019** |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
**Honorable James F. Kanatzar, Judge**

**Before Division Two:**
**Lisa White Hardwick, P.J., Thomas H. Newton, and Mark D. Pfeiffer, JJ.**

GEICO Casualty Co. appeals from a Jackson County Circuit Court judgment confirming a $35-million arbitration award arising from a catastrophic motorcycle accident and applying the statutory rate of interest from the date of judgment. GEICO challenges the court's orders overruling its motion and amended motion to intervene. We affirm.

Mr. Richard A. Aguilar sustained serious and permanent injuries in 2013 after the U-Haul truck Ms. Patricia Hollandsworth was driving while intoxicated ran into the motorcycle he was riding on Chouteau Trafficway in Jackson County, Missouri. The claim was reported to GEICO in November 2013, and the company disclaimed any and all liability in March and April 2014. GEICO had issued an automobile liability

insurance policy to Mr. Daniel and Ms. Deborah Clymens for their 2005 Toyota, and, during the coverage period, Mr. Clymens signed the paperwork to rent the 2006 Ford U-Haul truck involved in the accident so Ms. Hollandsworth could move her belongings from the Clymenses' residence to a new home.

Mr. Aguilar brought a personal-injury action against Ms. Hollandsworth in August 2017. Mr. Aguilar filed a motion for default judgment in February 2018, and GEICO's counsel entered an appearance on Ms. Hollandsworth's behalf at about the time the company offered to defend her subject to a reservation of rights. Ms. Hollandsworth rejected that defense, and she informed GEICO on March 2, 2018, that she and Mr. Aguilar had entered a section 537.065 agreement under which she had assigned him all of her rights under the Clymenses' GEICO insurance policy.[1] GEICO filed a motion to intervene in the personal-injury action as of right five days later under Rule 52.12(a) and section 537.065.2.[2] Mr. Aguilar voluntarily dismissed the personal-injury petition eight days later on March 15, 2018. The same day, GEICO filed for declaratory judgment in federal court, which dismissed the action without prejudice about a year later for abstention reasons in light of a state-court garnishment action, filed by Mr. Aguilar against Ms. Hollandsworth and GEICO in November 2018, that remains pending.[3]

---

[1] Statutory references are to RSMo (2016 and 2017 Supp.), unless otherwise indicated.

[2] Rule references are to the Missouri Supreme Court Rules (2018), unless otherwise indicated.

[3] According to the federal court's order abstaining and dismissing the case without prejudice, the Missouri Supreme Court has not addressed the coverage issue, and it was unclear whether relevant appellate court rulings were determinative. Counsel informed this Court during oral argument that the federal action has been reinstated but is stayed pending the outcome of the garnishment action.

Mr. Aguilar and Ms. Hollandsworth entered an agreement in May 2018 to submit the dispute to binding arbitration. The arbitrator conducted a hearing in June 2018 and awarded Mr. Aguilar $35 million in compensatory and punitive damages in July 2018. After Mr. Aguilar filed a motion in circuit court to confirm the arbitration award, GEICO filed a motion and an amended motion to intervene, citing Rules 52.12(a) and (b), as well as section 537.065. On October 24, 2018, the circuit court denied the motion to intervene without comment other than a reference to Mr. Aguilar's pleadings and issued a judgment confirming the arbitration award with 7.5% statutory interest. GEICO timely filed an appeal from the judgment.[4] The circuit court subsequently amended the order addressing the motion to intervene in November 2018 to add to the first order denying GEICO's motion to intervene a denial of GEICO's amended motion to intervene, and GEICO filed a second appeal to include this amended order. We consolidated the appeals.[5]

**Legal Analysis**

In the first point, GEICO argues that the trial court erred in denying its motions to intervene because substantial evidence does not support the ruling and the court misapplied the law—section 537.065—in that it confers an unconditional right on

[4] Note that an interlocutory order denying a motion to intervene as a matter of right is incorporated into the final judgment from which the proposed intervenor may take an appeal. *State ex rel. Koster v. ConocoPhillips Co.*, 493 S.W.3d 397, 401 (Mo. banc 2016).

[5] As indicated above, Mr. Aguilar filed a garnishment action against GEICO and Ms. Hollandsworth under section 379.200, alleging bad faith and breach of duty to defend. He seeks a garnishment of the policy proceeds as well as an award of the $35-million arbitration award. That action has been stayed pending the disposition of this appeal. According to the parties at oral argument, one of the matters that will be litigated during trial is whether the automobile liability insurance policy that GEICO issued to the Clymenses provides coverage to Ms. Hollandsworth for the accident that gave rise to the $35-million arbitration award.

3

GEICO to intervene in a lawsuit before the entry of judgment where the parties have entered a section 537.065 agreement, and the court's denial of intervention deprived GEICO of due process and access to the courts. We agree with Mr. Aguilar that this is a multifarious point that preserves nothing for review under Rule 84.04 by making separate and distinct claims in a single point.[6] Still, we may, in the exercise of our discretion, "attempt to resolve the issue on the merits." *LaBarca v. LaBarca*, 534 S.W.3d 329, 335 n.4 (Mo. App. W.D. 2017) (citation omitted).

When a trial court denies a motion to intervene as of right under Rule 52.12, we affirm "unless there is no substantial evidence to support [the ruling], it is against the weight of the evidence, or it erroneously declares or applies the law." *Prentzler v. Carnahan*, 366 S.W.3d 557, 560 (Mo. App. W.D. 2012) (quoting *State ex rel. Nixon v. Am. Tobacco Co., Inc.*, 34 S.W.3d 122, 126 (Mo. banc 2000)). Rule 52.12(a) gives anyone "[u]pon timely application" the right to intervene in an action "(1) when a statute of this state confers an unconditional right to intervene." Section 537.065.2 gives insurers the right to written notice "[b]efore a judgment may be entered against any tort-feasor after such tort-feasor has entered into a contract under this section." Subsection 2 also confers on insurers the right to intervene by stating that they "shall have thirty days after receipt of such notice to intervene as a matter of right in any pending lawsuit involving the claim for damages."

GEICO focuses on the first part of section 537.065.2 that it claims gives it the right to intervene "[b]efore a judgment may be entered." According to GEICO, its

___

[6] GEICO bases its claim of error in point one on insufficient evidence and on a misapplication of the law. "These are distinct claims that must appear in separate points relied on . . . to be preserved for appellate review." *Rocking H. Trucking, LLC v. H.B.I.C., LLC*, 463 S.W.3d 1, 9 (Mo. App. W.D. 2015).

4

"statutory right to intervene was a mandatory precondition on the entry of judgment against [Ms.] Hollandsworth" and it had thirty days after the petition to confirm the arbitration award was filed to attempt to intervene. We disagree. The plain and unambiguous meaning of the statute requires that a tortfeasor and injured party *give notice* to the insurer of a section 537.065 contract before a judgment may be entered, not that the insurer must be allowed to intervene before judgment may be entered. Any other interpretation ignores and renders superfluous the latter part of subsection two which requires that the insurer file its motion to intervene in a pending lawsuit thirty days *after receipt of such notice*.[7]

While GEICO observes that Mr. Aguilar's argument as to intervention concerned primarily whether an arbitration proceeding constituted a "lawsuit" as that word is used in section 537.065.2, we are constrained to address and decide this point on the timeliness of the company's motion to intervene in light of our decision in *Britt v. Otto*, 577 S.W.3d 133 (Mo. App. W.D. 2019). There, we declined to rule whether an arbitration proceeding fit within the term "pending lawsuit" under the statute, but affirmed the trial court's denial of intervention, finding that the insurer's motion was not filed within thirty days from its receipt of written notice of the section 537.065.1 contract. *Id.* at 140. In this regard, we held that the "plain and unambiguous language

---

[7] In support of its statutory interpretation, GEICO's counsel emphasized during oral argument the Missouri Supreme Court's recent opinion in *Desai v. Seneca Specialty Insurance Co.*, No. SC 97361, 2019 WL 2588572 at *4 (Mo., June 25, 2019), where the court states that subsection 2 of the statute gives an insurer the right to notice and an opportunity to intervene "prior to judgment." We do not read the case so broadly. The court in *Desai* was not called on to answer the question raised here and decided rather that the 2017 amendment did not apply in that case because the section 537.065 contract was entered and the matter was tried and submitted before the law went into effect. *Id.* In addition, having a statutory **opportunity** to intervene as a matter of right is not the same as an unconditional right to intervene before a judgment is entered. The time limitation must be complied with, and a lawsuit involving the claim must be pending.

of section 537.065.2 did not afford American Family the right to intervene as a matter of right in the action to confirm the arbitration award," because the action to confirm the arbitration award was filed more than thirty days after the insurer received written notice of the section 537.065.1 contract. *Id.* Similarly, here, written notice of the contract was provided to GEICO on March 2, 2018. While GEICO timely filed a motion to intervene in the personal-injury action, that action was voluntarily dismissed, and the parties proceeded to arbitration. The action to confirm the arbitration award was filed August 9, 2018, far outside the statute's thirty-day limit, so the motion and amended motion to intervene as of right in that action were untimely.[8]

GEICO further argues that it has standing to intervene for the purpose of challenging an arbitration award. Because the point relied on does not raise this issue, we do not consider it further. Rule 84.04. *See Spencer v. Lombardi*, 500 S.W.3d 885, 889 (Mo. App. W.D. 2016) ("an appellant's argument is limited to only those errors asserted in the points relied on." (citation omitted)).

Finally, GEICO argues as to the first point that its interest in the subject matter of the dispute between Mr. Aguilar and Ms. Hollandsworth makes the denial of the motion to intervene a violation of due-process rights under the U.S. and Missouri constitutions and "an unreasonable impediment to its constitutional right of access to the courts" under the Missouri Constitution. GEICO has not stated the facts showing the purported constitutional violation and simply makes the same conclusory

---

[8] GEICO emphasized at oral argument that *Britt* is distinguishable because there the insurer had actual notice of the arbitration agreement and was invited to participate. This distinction does not change the outcome, however, in that the parties here did not enter an arbitration agreement until more than thirty days after the date on which GEICO was notified about their section 537.065.1 contract. Accordingly, even if GEICO had been given notice about the arbitration agreement, under the plain and unambiguous reading of subsection two, it would have been too late for the company to seek intervention.

6

statements here that it made to the trial court, i.e., that it has an interest in the subject matter of the litigation and that the denial of its motions will leave in place a final judgment against Ms. Hollandsworth, "based upon an invalid Arbitration Agreement procured by undue means." GEICO has neither preserved nor presented this constitutional challenge properly. *See Mayes v. St. Luke's Hosp. of Kansas City*, 430 S.W.3d 260, 266 (Mo. banc 2014) (setting forth requirements for preservation of a constitutional challenge, court observes that the purpose of such requirements, including a statement of the facts showing the violation, "is to prevent surprise to the opposing party and permit the trial court an opportunity to fairly identify and rule on the issue." (citation omitted)). This point is denied.

GEICO argues in point two that the denial of its motions to intervene as a matter of right constituted a misapplication of the law in that (1) the company had a direct and immediate interest in the subject matter of Mr. Aguilar's lawsuit "in light of [Mr. Aguilar's] assertion that [Ms.] Hollandsworth was insured by Geico and seeking to have Geico satisfy the judgment," (2) GEICO's ability to protect its interest was impaired by the entry of final judgment without its participation, and (3) the arbitration agreement and section 537.065.1 contract resulted in an inadequate representation of its interests by the parties. This point centers on the company's right to intervene under Rule 52.12 which confers such right "when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede" its ability to protect its interest, "unless the applicant's interest is adequately represented by existing parties." Rule 52.12(a)(2).

7

The company claims that *Allen v. Bryers*, 512 S.W.3d 17 (Mo. banc 2016), *as modified* (Apr. 4, 2017), *cert. denied, Atain Specialty Ins. Co. v. Bryers* 138 S. Ct. 212 (2017), and the 2017 amendment of section 537.065 give insurers an unconditional right to intervene in an underlying lawsuit and, in fact, abrogated settled law that an insurer's potential indemnification of a judgment does not satisfy the direct-interest requirement to intervene as a matter of right. This claim was raised, and this Court rejected it, in *Britt*:

> American Family argues that by recognizing a right to appeal the denial of the motion to intervene, the Supreme Court [in *Allen*] necessarily implied that the appeal would have had merit, and thus implicitly overruled the settled principle that an insurer's interest in an action between its insured and a third party is not sufficiently direct to satisfy the first requirement for intervention set forth in Rule 52.12(a)(2). This is a strained and unsupportable interpretation of *Allen*. *Allen* did not need to address the merit of the insurer's argument that it was entitled to intervene in the underlying tort action because the insurer waived its right to challenge the denial of its motion to intervene. *Allen* cannot be read to have overruled, *sub silentio*, the settled principle that an insurer's interest in an action between its insured and an injured third party is not sufficient to support intervention as a matter of right pursuant to Rule 52.12(a)(2).

*Britt,* 577 S.W.3d at 143. GEICO's motions to intervene in the action between Mr. Aguilar and Ms. Hollandsworth to confirm the arbitration award, filed more than thirty days after it received notice of their section 537.065 contract, were untimely. Nor did it have a direct interest in that action to support intervention as of right under Rule 52.12(a)(2). We find it unnecessary to address the second and third parts of this point, given GEICO's lack of a direct interest in the confirmation proceeding. *See BMO Harris Bank v. Hawes Trust Invs., LLC*, 492 S.W.3d 607, 618 (Mo. App. W.D. 2016) (stating that a motion to intervene as a matter of right "may be denied if any one of the requirements is not met." (citation omitted)). Nevertheless, to the extent that GEICO

suggests that it would have had the right to litigate coverage issues in the confirmation proceeding, we agree with Mr. Aguilar that the appropriate forum for that dispute at this point is the pending garnishment action. *See Augspurger v. MFA Oil Co.*, 940 S.W.2d 934, 937 (Mo. App. W.D. 1997) ("It is when a claim for potential indemnity becomes a demand for actual indemnity that the insurer acquires the requisite interest to intervene as of right."). To the extent that GEICO claims it should have been able to litigate "any of the purported findings of fact and conclusions of law in the Arbitration Award absent the Trial Court's Judgment and denial of the Motions to Intervene being vacated and GEICO being permitted to intervene to challenge the Abitration Award," we would note that it had every opportunity to enter a defense of Ms. Hollandsworth without reservation and thus to litigate such matters, but chose not to do so. This point is denied.

In the third and final point, GEICO argues trial-court error in denying its motions to intervene permissively because it was an abuse of discretion in that (1) the company's "proposed claims and defenses shared common[] questions of law and fact with the main action regarding the validity of the arbitration agreement and the enforceability of the arbitration award," and (2) the denial "was arbitrary and unreasonable in light of the evidence of [Mr.] Aguilar and [Ms.] Hollandsworth's procurement of an arbitration award through collussion [sic] and undue means." Citing *Johnson v. State*, 366 S.W.3d 11, 20 (Mo. 2012), GEICO asserts that we review permissive intervention for abuse of discretion. That case, however, concerned the *grant* of the intervention motion. *Id*. A trial court order denying a motion to intervene under Rule 52.12(b), permissive intervention, is not a final judgment and therefore not

9

reviewable on appeal. *BMO Harris Bank*, 492 S.W.3d at 615. Our supreme court has explained that "'[t]he permissive nature of such intervention necessarily implies that, if intervention is denied, the applicant is not legally bound or prejudiced by any judgment that might be entered in the case.'" *State ex rel. Reser v. Martin*, 576 S.W.2d 289, 290 (Mo. banc 1978) (quoting *Bhd. of R.R. Trainmen v. Baltimore & Ohio R.R. Co.*, 67 S. Ct. 1387 (1947)). The applicant "'is at liberty to assert and protect his interests in some more appropriate proceeding. Having no adverse effect upon the applicant, the order denying intervention accordingly falls below the level of appealability.'" *Id.* (quoting *Bhd. of R.R. Trainmen*). Because we must acknowledge, however, that in other cases involving the denial of permissive intervention Missouri courts have allowed review for abuse of discretion, we will consider this matter on the merits.[9]

Under section 435.400, courts "shall" confirm an arbitration award "[u]pon application of a party" unless "grounds are urged for vacating or modifying or correcting the award, . . ." Section 435.405.1 requires the courts [u]pon application by a party" to vacate such awards on prescribed grounds, including that "[t]he award was procured by corruption, fraud or other undue means." Because the circuit court here was asked to confirm the award, and no grounds were urged by the parties to the

---

[9] That line of cases, however, appears to derive from a case in which intervention was granted. *See In re Additional Magistrates for St. Louis Cnty.*, 580 S.W.2d 288, 295 n.6 (Mo. banc 1979). Subsequent cases in which permissive intervention was denied nevertheless cite *Additional Magistrates*. *See Meyer v. Meyer*, 842 S.W.2d 184, 188 (Mo. App. E.D. 1992) (citing *Additional Magistrates* after stating "that permissive intervention is discretionary and that we review for abuse of discretion"); *see also State ex rel. Nixon v. Am. Tobacco Co.*, 34 S.W.3d 122, 131 n. 18 (Mo. banc 2000) (citing *Meyer* for standard of review for claim of error in trial court's denial of motion for permissive intervention); and *Britt v. Otto*, 577 S.W. 3d 133, 142 (Mo. App. W.D. 2019) (citing *Am. Tobacco Co.* for review of trial court's denial of permissive intervention).

10

arbitration for vacating, modifying, or correcting the award, neither the validity nor the enforceability of the award was at issue. And because no application was filed to vacate the award for undue fraud, questions of law and fact pertaining to the circumstances under which the parties entered the agreement were similarly not at issue.

GEICO highlights the validity of the arbitration agreement and whether it is enforceable in arguing that the company's "claims and defenses share numerous common questions of law and fact with this proceeding." The parties, however, were not required under section 435.400 to litigate the validity of the arbitration agreement or to prove to the court that it was enforceable when seeking to confirm the award. In its suggestions in opposition to Mr. Aguilar's application to confirm the arbitration award, GEICO argued that the agreement to arbitrate "was plainly intended to oppress and unduly prejudice Geico's contractual and Constitutional rights. Therefore, the Arbitration Agreement itself is void as against public policy." GEICO further refers to the agreement as unconscionable and unfair and argues that it was a "contrivance designed to advance a 'bad faith' set up against Geico." GEICO did not and does not show in any way how the facts or law underlying these matters are shared with the issues presented to the circuit court in Mr. Aguilar's application to confirm the arbitration award.

The company also claimed that the award was procured by "undue means" and claimed that Mr. Aguilar and Ms. Hollandsworth engaged in unspecified intentional misconduct by entering an unauthorized arbitration agreement. Because GEICO presented no evidence that the award was procured by undue means or that Mr. Aguilar and Ms. Hollandsworth engaged in intentional misconduct other than to argue that the

11

"award has been manufactured solely for purposes of enhancing the damages to be alleged in a subsequent 'bad faith' claim against Geico," it has failed to demonstrate that the denials of its motions to intervene were arbitrary and unreasonable. The actions that the parties took in entering a section 537.065 agreement and an agreement to submit their dispute to arbitration are authorized by statute. The company waived the right to contest the cause of the accident or the extent of Mr. Aguilar's injuries and damages by choosing not to defend Ms. Hollandsworth without reservation and disclaiming any liability under the Clymenses' automobile insurance policy. GEICO will have the opportunity to litigate its liability in the garnishment action. This point is denied.

### Conclusion

The circuit court did not abuse its discretion or misapply the law in denying GEICO's motions to intervene as a matter of right and permissively in the proceeding that Mr. Aguilar initiated with an application to confirm an arbitration award. Accordingly, we affirm.

/s/ *Thomas H. Newton*

Thomas H. Newton, Judge

Lisa White Hardwick, P.J., and Mark D. Pfeiffer, J. concur.

12