**Affirmed as Modified and Opinion Filed January 26, 2021**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-19-01116-CR**
_____

**ARNOLDO MEDINA, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-83961-2017**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Nowell
Opinion by Justice Nowell

Arnoldo Medina, Jr. pleaded guilty to the offense of aggravated assault without the benefit of a plea bargain. He elected to have the trial court assess punishment. After hearing evidence on punishment, the trial court sentenced him to eight years in prison. The trial court certified Medina's right to appeal as to punishment only. Medina argues the trial court abused its discretion by not holding a hearing on his motion for new trial and a portion of the costs assessed in the judgment is unconstitutional. We modify the trial court's judgment to delete the contested amount of costs and affirm the judgment as modified.

Medina was indicted for aggravated assault of his wife by causing serious bodily injury, using a deadly weapon, and while in a family or dating relationship with the victim. He pleaded guilty to the offense and elected to have the trial court assess punishment. The trial court heard evidence on punishment and sentenced Medina on August 27, 2019. Medina filed a motion for new trial asserting ineffective assistance of counsel on September 26, 2019. The motion was not verified or supported by affidavit at the time it was filed. On October 4, 2019, more than thirty days after his sentencing, Medina filed affidavits in support of his motion for new trial and presented the motion to the trial court. The trial court did not hold a hearing or rule on the motion. The motion was overruled by operation of law seventy-five days after Medina was sentenced. TEX. R. APP. P. 21.8.

We review a trial court's refusal to hold a hearing on a defendant's motion for new trial for an abuse of discretion. *Hobbs v. State*, 298 S.W.3d 193, 200 (Tex. Crim. App. 2009). That discretion extends only to the determination of whether the defendant has raised grounds that are not determinable from the record and the grounds reasonably show he could potentially be entitled to relief. *Id*. at 199. A motion for new trial based on matters not otherwise in the record must be supported by affidavit specifically setting out the factual basis of the claim. *Id*. If the affidavit is conclusory, is unsupported by facts, or fails to provide requisite notice of the basis for the relief claimed, no hearing is required. *Id*.

A motion for new trial must be filed within thirty days after the trial court imposes or suspends sentence in open court. TEX. R. APP. P. 21.4(a). Any amendments to the motion must be filed within this thirty-day period and before the trial court overrules any preceding motion for new trial. TEX. R. APP. P. 21.4(b). Filing affidavits in support of a motion for new trial more than thirty days after sentencing is considered an untimely attempt to amend the motion. *Dugard v. State*, 688 S.W.2d 524, 529–30 (Tex. Crim. App. 1985), *overruled on other grounds, Williams v. State*, 780 S.W.2d 802, 803 (Tex. Crim. App. 1989); *Flores v. State*, 18 S.W.3d 796, 798 (Tex. App.—Austin 2000, no pet.). A trial court does not abuse its discretion if it denies a hearing on a timely motion for new trial that is not supported by affidavits. *Klapesky v. State*, 256 S.W.3d 442, 455 (Tex. App.—Austin 2008, pet. ref'd).

Here, Medina's timely-filed motion for new trial relied on facts outside the record but was not supported by a timely-filed affidavit. His affidavits were not filed within thirty days of sentencing and were not properly before the court. *Klapesky*, 256 S.W.3d at 455. Accordingly, the trial court did not abuse its discretion by refusing to conduct a hearing on the motion and allowing it to be overruled by operation of law. *Id*. We overrule Medina's first issue.

Medina argues, and the State agrees, that a portion of the fees assessed against him as court costs is unconstitutional. Medina was assessed a time payment fee in the amount of $25.00 pursuant to local government code section 133.103.

TEX. LOC. GOV'T CODE § 133.103. This Court recently held that subsections (b) and (d) of section 133.103 are unconstitutional. *See Ovalle v. State*, 492 S.W.3d 615, 618 (Tex. App.—Dallas 2020, pet. filed). The portion of the time payment fee authorized by those subsections should be deducted from the costs assessed in the judgment. *Id*. (deducting $22.50 from costs as the unconstitutional amount of the time payment fee). We sustain Medina's second issue.

We modify the trial court's judgment to reduce the total amount of court costs by $22.50 to reflect the reduction in the time payment fee. As modified, we affirm the trial court's judgment.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
191116F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ARNOLDO MEDINA, JR., Appellant

No. 05-19-01116-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas Trial Court Cause No. 366-83961-2017.
Opinion delivered by Justice Nowell. Justices Molberg and Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

the amount of court costs is reduced from $279.80 to $257.30.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 26th day of January, 2021.